## DANIEL FREESE

*v.*

## MARY ANN TRIPP.

1. INTOXICATING LIQUORS—*statute relating to, how construed.* The Liquor Statute of 1872, being of a highly penal character, providing a right of action unknown to the common law, in which the party prosecuting has a decided advantage, should, according to the well understood canon, receive a strict construction.

2. SAME—*damages for mental anguish, etc., not allowable.* In a suit by a wife for the selling or giving of intoxicating liquor to her husband, the anguish or pain of mind or the feelings, suffered by her by reason of her husband's intoxication, is not a matter for the consideration of the jury, in assessing damages, but the damages are confined to her injury in person, property or means of support.

3. SAME—*exemplary damages.* In an action by a wife against one for selling intoxicating liquor to her husband, no exemplary damages can be given without proof of actual damages, and an instruction that, if the act was not wilful or wanton, the jury should give exemplary damages, and, if it was wilful or wanton, they should annex more damages, is erroneous.

4. SAME—*exemplary damages not recoverable.* As the statute has provided for the punishment of those who sell or give away intoxicating liquors contrary to its provisions, by indictment, etc., it follows that exemplary or punitive damages can not be awarded in a civil suit by one claiming to be injured by the offense.

5. FOREIGN STATUTE — *construction.* Where the statute of another State is adopted, it will be presumed that the prior construction placed upon it by the highest court of such other State, is also adopted.

6. EXEMPLARY DAMAGES—*when allowable, defendant has a right to show matters in mitigation.* If the court instructs the jury that the plaintiff is entitled to recover exemplary damages, in a suit against one for the sale of liquor to her husband, the defendant should have the right to show matters in mitigation, such as that he had forbidden his clerk to sell to the husband, and to have that fact considered by the jury, on the question of exemplary damages only.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

This was an action brought originally before a justice of the peace, by Mary Ann Tripp against Daniel Freese and others, to recover damages for selling liquor to her husband, William Tripp. The opinion of the court states the essential facts of the case.

Mr. CHARLES J. METZNER, for the appellant.

Mr. FRANK M. ANNIS, and Mr. A. J. HOPKINS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action brought before a justice of the peace in the city of Aurora, in the county of Kane, by Mary Ann Tripp against Daniel Freese, under the fifth section of the act of the 13th of January, 1872, entitled "An act to provide against the evils resulting from the sale of intoxicating liquors in this State," in force July 1, 1872.

Section 2 of this act declares, it shall be unlawful for any person or persons, by agent or otherwise, to sell intoxicating liquors to minors, etc., or to persons intoxicated, or who are in the habit of getting intoxicated.

Section 5 provides, that every husband, wife, child, parent, guardian, employee or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his

or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons;  *   *   *   and a married woman shall have the same right to bring suits, and to control the same, and the amount recovered, as a *feme sole;*  *   *   *   and all suits for damages under this act may be by any appropriate action, in any of the courts of this State having competent jurisdiction.

Section 9 provides, in the last clause, "and justices of the peace shall also have jurisdiction of all actions arising under the 4th and 5th sections of this act, when the amount in controversy does not exceed two hundred dollars, such actions to be prosecuted in the name of the party injured or entitled to the debt or damages provided for in said 4th and 5th sections." Sess. Laws 1872, pp. 553-4-5.

The plaintiff sued as the wife of William Tripp, demanding one hundred dollars of defendant, for selling her husband, who was in the habit of getting intoxicated, intoxicating liquors. Plaintiff recovered a judgment for one hundred dollars. Defendant appealed to the Court of Common Pleas of the city of Aurora, where the cause was tried by a jury, who returned the following verdict: We, the jury, find Daniel Freese guilty, and assess damages of one hundred dollars, as exemplary damages.

This verdict the court refused to receive, but instructed the jury not to specify, in their verdict, the damages as actual or exemplary. The jury then retired, and returned in a few moments, with a verdict for plaintiff, of one hundred dollars. A motion for a new trial was overruled, and judgment rendered against the defendant.for one hundred dollars, to reverse which, the defendant appeals.

The case shows that defendant was engaged in selling intoxicating liquors, under a license from the city authorities of Aurora, and that Tripp was a shiftless fellow, in the habit of getting intoxicated, and has been for years. Defendant

offered to prove that plaintiff herself was a drunkard, and had been confined in the calaboose for being found drunk on the streets.

It appears her husband was in the saloon with one Benedict, and the plaintiff near the door when the liquor was produced on the counter, and could have prevented the act, had she been disposed. The whole thing seems very much like a concerted plan to entrap the defendant, and was successful. Many like cases will probably occur in enforcing this act. There is nothing easier, than for a husband and wife of low morals, as these parties were, to combine and make a case, calculating on the prejudices of juries for success.

The statute, under which this proceeding originated, is of a highly penal character, providing a right of action unknown to the common law, in which the party prosecuting has a decided advantage, and should, according to the well understood canon, receive a strict construction.

Appellant makes his point chiefly on the instructions, and claims that the first instruction for plaintiff was erroneous. It was as follows :

"If the jury believe, from the evidence, that William Tripp was, before and at the time of the alleged selling or giving of intoxicating liquors to him, by the defendant or his barkeeper, an habitual drunkard, and that the plaintiff, in means of support or *his* person, was injured by said William Tripp, her husband, while he was intoxicated, or in consequence of his intoxication, caused, in whole or in part, by the defendant, or his agent or bar-keeper, selling or giving to him, said William Tripp, intoxicating liquors since July 1st, 1872, and before the commencement of this suit, then the jury should find for the plaintiff actual damages to the extent of the injury, and also exemplary damages, and, in determining the injury in person or to the plaintiff, the jury have the right to consider the anguish or pain of mind, feelings the plaintiff suffered, if any, by reason of such intoxication of her husband, if any is

shown by the proof, as well as loss of support, if shown by the proof, and exemplary damages are imposed upon the defendant with a view of punishing him for disregarding the law in selling or giving away, to the plaintiff's husband, intoxicating liquor, in violation of law, if such has been shown; and, in fixing the amount of exemplary damages, the jury should consider whether or not the act was wilful or wanton, or not; if it was not, the jury should give her exemplary damages; if it was wilful or wanton, the jury should annex more damages."

This instruction is erroneous, for several reasons. In the first place, it is not clear and intelligible, and is difficult of comprehension. In the next place, "the anguish or pain of mind, feelings the plaintiff suffered by reason of such intoxication of her husband," is not a matter for the consideration of the jury. The statute contemplates injury in person or property or means of support, and not mental anguish. The Supreme Court of Ohio, from which State our statute is derived, substantially, hold it is not proper, in such a case, to charge the wife has suffered mental anguish, disgrace or loss of society or companionship—all that does not amount to injury of the person, within the meaning of the statute. *Mulford* v. *Clewell*, 21 Ohio St. Rep. 191.

In the *third* place, it directs the jury to give not only actual damages, but also exemplary damages, whether actual damage is shown or not; and, *fourth*, it directs the jury to inquire whether the act was wilful or wanton, or not, and if it was *not*, the jury should give her exemplary damages; if it was wilful or wanton, the jury "should annex more damages."

We think this is asking too much of the jury. They are told, in effect, if no actual damage has been occasioned, they may find exemplary damages, if the act of selling was not wilful; if it was wilful, they may annex more damages, even if they think no actual damage has been done.

We hold, a fair construction of this statute requires a party, suing under its provisions, should prove, to the satisfaction of the jury, actual damages sustained. Without this, exemplary damages can not be awarded. This is the construction placed upon the act by the highest court of the State of Ohio, and it is reasonable to suppose the legislature adopted the law with the construction put upon it, as generally held. *Schreider* v. *Hosier,* ib. 98.

And exemplary damages can not be awarded as punishment in this action, for the reason the statute provides the public shall avail of its punitive provisions, which are, fine and imprisonment in the county jail, the penalty of imprisonment to be enforced by indictment. Secs. 6, 8. Putting money in the plaintiff's pocket would be no satisfaction to the public for a violated penal statute.

Several of plaintiff's instructions contain the infirmity, that exemplary damages may be given, without proof of actual damage. Actual damage to the wife, is the central idea in the statute. If that is not established, the case falls.

It is urged, this error was cured by plaintiff's ninth instruction, which was, that the jury could not assess any exemplary damages, unless they first find plaintiff has sustained actual damages, under the proof and instructions of the court.

Now, as the instructions before given were not in entire harmony with this, the jury would be very much puzzled to know what to do. They did, on retiring, find and return into court a verdict for exemplary damages, only. Though the court declined to receive this verdict, and sent the jury out to find a verdict for damages, without specifying that they were exemplary, they returned a verdict the same in amount, which we have a right to infer was for exemplary damages, as no new and additional evidence had been received. The jury have found no damages but exemplary damages.

The defendant complains that the 12th instruction asked by him was refused. It was as follows:

"If the jury believe, from the evidence, that the defendant did not sell or give away liquor to William Tripp, himself, and that he prohibited and forbid his bar-keeper selling or giving away any liquor to said Tripp, then such fact should be taken into consideration as to whether or not the plaintiff is entitled to exemplary damage, if the jury should find the defendant guilty."

The court having instructed the jury, on behalf of plaintiff, that they could give exemplary damages, it was but fair defendant should have the right to show matters in mitigation. If defendant, in good faith, had forbidden his clerk or bar-tender to sell or give liquor to this drunkard, and the clerk wilfully disobeyed him, without defendant's connivance, it seems to us it would be a fair subject for consideration in mitigation, not of the actual damage which may have been caused and done, but of the vindictive damages claimed. This instruction should have been given.

For the reasons given, the judgment must be reversed and the cause remanded, that a new trial may be had in conformity to this opinion.

*Judgment reversed.*

Mr. JUSTICE SCOTT, Mr. JUSTICE SHELDON, and Mr. JUSTICE CRAIG, dissenting:

We concur in the reversal of the judgment, but not in the opinion of the majority of the court.

The 2d instruction was as follows:

"If the jury find for the plaintiff, they are instructed that, in addition to the actual damages to which the plaintiff is entitled, the jury may give her what is called exemplary damages, to any amount not exceeding the sum of two hundred dollars."

We do not regard this, or the 1st instruction for the plaintiff, as justly open to the criticism, that they inform the jury

that exemplary damages may be given, without proof of actual damage. And if they admitted of any doubt in that respect, it must have been fully removed by plaintiff's 9th instruction, as follows:

"The court instructs the jury, that they can not assess any exemplary damages, unless they first find that the plaintiff has sustained actual damages, under the proof and instructions of the court."

We agree that, where there is but anguish or pain of mind suffered, and nothing more, they do not constitute a cause of action. That was the decision in the Ohio case cited. But where a cause of action, in other respects, is shown, we are not prepared to say, that mental suffering, produced in consequence of the intoxication of a husband or father, might not be considered, upon the question of exemplary damages. And so, too, upon that question, the facts mentioned in defendant's 12th instruction, refused, might properly have been taken into consideration.