JOHN MEIDEL

*v.*

MARIA ANTHIS.

1. INTOXICATING LIQUORS—*act of January* 13, 1872, *in relation to sale of, to be strictly construed.* The statute in relation to the sale of intoxicating liquors, being highly penal in its character, and introducing remedies unknown to the common law, in which the person prosecuting has decided advantages over the party defending, should receive a strict construction.

16—71ST ILL.

2. SAME—*rule of damages in suit by the wife for injury occasioned by intoxication of husband.* The statute only contemplates injury sustained by the wife in person, property or means of support, by reason of the intoxication of her husband, and mental pain suffered by her is not an element of damages to be considered.

3. EXEMPLARY DAMAGES—*can not be awarded unless actual damages are proved and found.* In an action by a wife for injury sustained by reason of the sale of intoxicating liquor to her husband, she is not entitled to recover exemplary damages unless actual damage is proved and found.

4. SAME—*can not be awarded as punishment.* Whilst it is true that the statute allows exemplary damages to be awarded to the wife in a suit for injury occasioned by the sale of intoxicating liquor to the husband, such damages can only be by way of example, or as a warning to deter the defendant and others from similar transactions, and not by way of punishment, and aggravating circumstances must be shown.

5. MEANS OF SUPPORT—*interpretation as used in the statute.* The means of support referred to in the statute embraces all those resources from which the necessaries and comforts of life are or may be supplied, such as lands, goods, salaries, wages or other sources of income.

6. Where the proceeds of a man's labor in cultivating land are the only means of support of his wife, any injury by which his capacity to cultivate land is sensibly diminished, is an injury to the means of support of the wife, and if such injury is occasioned by the sale of intoxicating liquor to the husband, the seller will be liable to the wife for such injury to her means of support.

7. But it is necessary to prove that the injury to the husband did incapacitate him from contributing as usual to the support of the wife.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. CHARLES P. WISE, for the appellant.

Mr. G. M. COLE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action before a justice of the peace of Madison county, under the fifth section of the act of January 13, 1872, entitled "An act to provide against the evils resulting from the sale of intoxicating liquors in this State," in force July 1, 1872.

We had occasion, at the last September term of this court, to examine and construe this section in the case of *Freese* v. *Tripp*, 70 Ill. 496, which was a case like this, except that defendant had a license to sell intoxicating liquors, from the proper authorities. That fact, however, did not enter into the judgment of the court.

It was held in that case that the statute, being highly penal in its character, and introducing remedies unknown to the common law, in which the person prosecuting had decided advantages over the party defending, should receive a strict construction. It was held there that anguish or mental pain of the wife was not an element of damage to be considered. The statute contemplates only injury in person or property or means of support. It was also held, the jury could not give exemplary damages, unless actual damages were proved and found.

In support of this, *Schneider* v. *Hosier*, 21 Ohio St. R. 98, was cited. It was also held, that exemplary damages could not be awarded as punishment, for the reason the statute itself provides the public shall avail of its punitive provisions by indictment, §§ 6, 8; that putting money in the pocket of the plaintiff would be no satisfaction to the public for violation of a penal statute.

Appellee in this case insists such damages can be awarded; that the statute allows exemplary damages. This is true, but not damages by way of punishment, but exemplary damages such as will operate as an example, or a warning to deter the party or others from similar transactions, and aggravating circumstances must be shown.

Appellee says such damages are allowed in actions of *tort* at common law. Granted, but this is not an action of *tort* at common law, and the idea of the statute does not seem to be, as it has provided a punishment for the public wrong, that a complaining party in a civil suit should pocket money by way of punishment for the offender. This right to claim exemplary damages is coupled, in the statute, with the person or

persons owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, or who, having leased the same for other purposes, shall knowingly permit therein the sale of any intoxicating liquors that have caused, in whole or in part, the intoxication of any person, shall be liable. severally or jointly, with the person selling or giving such liquors, for all damages sustained, and for exemplary damages.

Exemplary damages are here for the first time, and the only time, and in this connection, spoken of or alluded to, and it would seem, in order to allow them, the owner of the premises must be a party to the suit, against whom, whether sued jointly or severally with the seller, exemplary damages may be given, for in no other portion of the statute is he made subject to action or damages, whilst the seller, by the sixth, seventh and eighth sections, is liable to fine, and, by indictment, to imprisonment.

But be this as it may, actual damages must be proved, as ground for exemplary damages against the seller. The record is barren of any evidence on this point. There is no proof whatever that any actual damages of any kind have been sustained by the plaintiff. It is not sufficient her husband abused her, in a drunken mood, with his tongue, or threatened her. There must be actual violence to the person. *Schneider* v. *Hosier, supra ; Mulford* v. *Crowell,* 21 Ohio St. 191.

No damage has been done to the person.

Has there been any damage to the property of the wife? The record shows nothing of the kind. Has there been any damage proved, to her means of support? Have they been diminished below what is reasonable and proper for a person in her position, and what was usual? At this point the consideration of defendant's instructions arises. The court gave all as asked, except the sixth and seventh, which, after being modified, were given by the court.

The sixth is as follows: "Although the jury may believe, from the evidence, that the plaintiff took care of her husband,

and spent her time in nursing and taking care of him, yet she can not, in this suit, recover for her time so spent, and the jury, in making up their verdict, will entirely disregard it, and as to this they must find for the defendant."

The modification by the court consisted in adding these words, "unless the loss of time thus spent injured her in property or means of support."

The objection to this modification is, there was no evidence on which to base it. The plaintiff testified she relied on her husband for support—had no income from any other source —depended wholly upon his labor for support. On her cross-examination, she testified her husband leased land, and the preceding year they raised between three and four thousand bushels of corn alone. He took good care of his family when sober, had plenty to live upon and there was plenty around them—is a good husband and father to his family when sober. When his leg was broke, his family were supplied as usual.

There was no proof that one dollar was expended in his care, or that plaintiff's property was in any respect injured, or that her means of support were diminished in any degree by the act of defendant in selling the liquor to her husband. The same objections exist to the modification of the seventh instruction.

This statute applies, in terms, to her means of support, and she must show they have been diminished in some degree and to some extent to enable her to recover damages. This is not to be left to conjecture. Into that vast field the jury is not permitted to roam. If they were, no man's property would be worth having.

Whilst we are not disposed to give the statute the narrow construction claimed for it by appellant, we must give it such a construction as its words will bear, taking them in connection with the object and purpose of the act. Appellant contends the words, "means of support," imply present actual means, not a future prospect.

We are disposed to hold, with the Supreme Court of Ohio, in *Schneider* v. *Hosier, supra,* as to the interpretation of this phrase. In its general sense, it embraces all those resources from which the necessaries and comforts of life are or may be supplied, such as lands, goods, salaries, wages or other sources of income. In a limited sense, it signifies any resource from which the wants of life may be supplied.

That the wages or proceeds of ordinary labor are a "means of support," within the meaning of the Ohio statute, of which ours is substantially a copy, was decided in *Duroy* v. *Blain et al.* 11 Ohio St. 331.

Although the plaintiff's husband was not an ordinary laborer, depending on wages for the support of himself and family, still the proceeds of his labor, in cultivating a field, were the only means of support of plaintiff, as she testifies. We think, then, if his capacity to cultivate land—and that was his avocation—was sensibly diminished by the act of the defendant, she was injured in her means of support, and appellant liable; but there is no proof whatever of this diminution of capability, or that her husband has, in any manner, been incapacitated from contributing, as usual, to the support of the plaintiff, and it may be a question, under the legislation of this State, whether the common law doctrine, that a husband is morally and legally bound to supply his wife with the necessaries and comforts of life, and to devote his labor and its proceeds to that object, has not been abrogated, or at least greatly modified; but admit the rule to be in full force, and that the wife has a correspondent right to be maintained and supplied, and, to that end, has an interest in all her husband's resources, and, therefore, has an interest in his labor and its proceeds, when such are necessary to her support, and, as a necessary corollary to all this, she has an interest in his capacity to labor, the record fails to show any diminution in either regard. There is no proof in this record that plaintiff has been injured in her person, in her property or

in her means of support, and, consequently, was not entitled
to recover damages.

Instructions six and seven were improperly modified, there
being no sufficient evidence to justify the modifications, no
damage of any kind being proved.

The plaintiff's husband, a victim to this vice of inordinate
drinking, though not, perhaps, an habitual drunkard, is
proved by all to be a good man, industrious, money-making
and kind to his family, when sober. The improper use of
stimulants is his weakness, which can be effectually remedied
only by a firm resolve to taste not, touch not, and persistently
adhering to that resolution. His reformation can never be
effected by penalties against him who sells the intoxicating
drink. It must come in another and more efficacious mode.

Upon the question of exemplary damages, we desire to
make some remarks, omitted in the case of *Freese* v. *Tripp*,
*supra*.

The foundation for the recovery of exemplary damages
rests in the fact of actual damages having been sustained to
the plaintiff's person, to her property or to her means of sup-
port. These go to the compensation of the wife for the
injury she has received, and for this the seller is liable abso-
lutely.

We concede, this court is committed to the doctrine, that,
in certain actions of tort, at the common law, the jury can
go beyond the question of mere compensation for the injury,
and give damages by way of punishment, though eminent
law writers protest, and insist that this was not a principle
of the ancient and genuine common law. It is insisted, by
that law, the civil remedy for a wrong done, should not be
punitive to the wrong-doer as well as compensative to the
sufferer. 3 Parsons on Cont. 170.

Greenleaf, in his treatise on Evidence, in most emphatic
language, affirms, that the position that damages may be
given by way of punishment has not the countenance of any
express decision upon the point, though it has the support

of several *obiter dicta*, and inquires, if this be a rule of law, how is the party to be protected from a double punishment? 2 Greenleaf on Evidence, 242, in an elaborate note.

Although this court is committed to the other doctrine, still, the question remains, under this statute, can the jury give exemplary damages by way of punishment of the offender? They may give exemplary damages. We understand by this, they may, in a proper case, give, besides actual damages to the party injured, such damages as may operate as a warning to others—they may make an example of the seller by the quantum of damages they shall award against him. We can not believe it was the design of the legislature to give to the jury in such an action the power to punish the violator of the law in the shape of damages, which go to the party injured, the more especially as, by the very act authorizing exemplary damages, the seller, as punishment for his wrong doing, is subject to fine and imprisonment in the county jail. Exemplary damages must not be given as punishment—not as vindictive but as exemplary damages. This is a penal statute, and to the words used in it the proper significance must be given. It was enough, to comply with the statute, for the court to tell the jury that, in addition to actual damages, they might find exemplary damages. If it be asked what are the proper elements of such damages, we would say, in a case like this, selling or giving to a person in the habit of getting intoxicated, after notice from his wife not to sell or give intoxicating drinks to him, or where a husband, in the habit of getting intoxicated, is heroically endeavoring to overcome the habit by total abstinence, and this is known to the dram-seller, or suspected by him, if such an one is dissuaded or prevented from carrying out his resolve by improper influences on the part of the dram-seller, who shall tempt him or induce him to take a glass, no matter how small a quantity it may contain, such a man would be a proper subject for exemplary damages: in the first case, for wilfully disregarding the express order of the wife, and in the other, for

alluring one back to a habit destructive in all its tendencies, and productive of grievous evils. We can conceive of nothing more base and more execrable than this, and the guilty party would be a proper subject for exemplary damages. The intent is to be regarded, and some aggravating circumstances shown.

We can not believe it was the intention of the act to give to juries in such an action the power to punish the offending party in the shape of damages to the injured party. The wife's damages must consist in injury to her person, to her property, or to her means of support, or all combined. Punishment of the wrong-doer belongs to the public, and is abundantly provided for by the law. In this view, the wrong-doer will not be punished twice for the same offense, and the evident purposes of the law fully answered. We can not presume, because her husband accidentally fractured his leg, she was deprived thereby of her means of support. If she was. it was a fact susceptible of proof.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*

JUSTICES SCOTT, SHELDON and CRAIG, dissenting:

The record in this case shows it was in evidence that the husband was a farmer, living on leased land; that the wife depended entirely upon his labor for support; that since he had commenced "drinking hard," he did not attend to his business one half of the time, and that he had had to hire men on his farm when his time was worth $50 a month; that he almost always got his liquor at Meidel's; that in the evening, on going out intoxicated from Meidel's place of selling liquor, he fell from the porch and broke his leg.

In view of such evidence, we can not say there is no proof in this record that the wife was injured in her means of support. We must hold that a broken leg interferes with the ability to cultivate land.

The distinction attempted to be drawn, in the opinion of the majority of the court, between punitive damages and exemplary damages, we regard as but verbal, and not substantial. We had supposed them to be but convertible terms—that damages by way of punishment, and damages by way of example, were one and the same thing.