# JOHN KELLERMAN

## *v.*

# PHŒBE ARNOLD.

1. INTOXICATING LIQUOR—*damages which the wife can recover on account of sale to her husband.* In a suit by a wife, to recover damages on account of the sale of intoxicating liquor to her husband, she must show that she has been injured either in her person, her property or means of support, before she can recover.

2. SAME—*when wife may recover exemplary damages on account of sale to her husband.* Before a wife can recover exemplary damages in a suit against a party for selling intoxicating liquor to her husband, she must not only show that she has sustained actual damage to her person, her property or her means of support, but also some aggravating circumstances accompanying the transaction, on the part of the party selling the liquor.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. FICKLIN & CUNNINGHAM, for the appellant.

Mr. HORACE S. CLARK, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought to the circuit court of Coles county, by Phœbe Arnold against John Kellerman, under the fifth section of the Liquor Law, so called, in which, on a trial by jury, the plaintiff had a verdict of fifteen hundred dollars as damages.

To reverse this judgment, the defendant appeals and assigns several errors, the most important of which are, that the verdict is against the law and the evidence, that the damages are excessive, that punitive damages were given when no actual damages were proved, and in giving erroneous instructions.

We have so fully examined all the questions made on this record, in the cases of *Meidel* v. *Anthis, ante,* p. 241, and *Freese* v. *Tripp,* 70 Ill. 496, that it is unnecessary to enter into an elaborate discussion here, as this case is so similar to those to which reference is made.

The difference between *Meidel* and *Anthis'* case, and this, is, that, in the former, the plaintiff's husband was a hardworking, money-making man, on whose labor the plaintiff relied for support, and who did support her well, but as it was not shown her means of support had, in any respect, been diminished by the selling to him intoxicating drinks, nor any injury to her person or property established, she was not entitled to recover. It was held, in both cases, that exemplary damages could not be allowed without finding some actual damages.

In this case, the plaintiff's husband was proved to be a chronic drunkard, a lazy, shiftless fellow, who had never, at any time of his life, had any property, or contributed, in any considerable degree, to his wife's support. He was a plasterer by trade, and had always been accustomed to spend, in the winter, at various dram shops, the small earnings of the spring and summer. This had been his habit for many

years before the passage of the act of 1872. Appellant, having a license to sell intoxicating liquors, knew of this habit, and was liable to pay such damages as his wife might sustain by selling to him, provided she was "injured in person or property or means of support" thereby. There is no evidence that she has been injured in person. It was proved by her testimony that, since the first of July, 1872, her husband, when drunk, kicked a table over, which she had purchased with her own money. and broke it. This table, when whole, she says, was worth five or six dollars. What the extent of the breakage was, does not appear. It is not shown her means of support have been in the least abridged by this sale of liquor to him by appellant. Nothing is shown to entitle her to actual damages under this law, unless it be the price of repairing the broken table.

Something appears in the testimony about a wallet, a gun, etc., having been pledged by Arnold to appellant. This is explained by the testimony, and has no connection with this case, and we make no comments on it. The facts go to show that he has always been a trifling fellow.

There was, then, no ground for exemplary damages, nor does appellant appear to have acted wantonly and wilfully in selling, nor are there any aggravating circumstances shown.

The plaintiff failed to make out a case under the statute, as we have expounded it in the cases *supra.*

It certainly could not have been the intention of the legislature, in this enactment, to give to an unfortunate wife, who has a chronic drunkard for a husband, the means to make a profit out of his disease, or to make merchandize of his infirmity. She must show she has been injured in person, property or means of support, to entitle her to actual damages, and that the conduct of the other party was such as to justify exemplary damages; that there were some aggravating circumstances accompanying the transgression.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott, Mr. Justice Sheldon, and Mr. Justice Craig, dissenting:

It was in evidence in this case that the husband was a plasterer by trade, and a good workman, and could earn about $3 a day at his business; that he had done a job of work for the witness Hayes the fall before, on which he made $5 a day; "that when he kept straight, he provided well; when drunk, he spent all his money for whisky;" that he had a wife and five children, the oldest child being twelve years of age, the youngest six months; that they were in poor circumstances; that the wife took in sewing, so that she could buy milk; that one witness had furnished the family some wood; that he had heard the children ask for bread when it was not in the house; that the husband had at one time pawned to the appellant, for liquor, his pocket-book, at another time a pocket-knife, at another time he traded to appellant a beefsteak for whisky, at another time he pawned with appellant a shot-gun for a small sum of money, and at another time sold to appellant a keg of syrup for $3.50, which he had received from the witness Hayes on account of work done for him, and it might have been inferred that the money for the gun and syrup was procured for the purpose of purchasing liquor. The husband had received $10 on the sale of a cow, and "drank up" part of that.

In view of such testimony, we can not say there was no evidence that the wife had sustained injury in her means of support. Neither can we say that there were no aggravating circumstances shown.