JOSEPH L. KEEDY

*v.*

NANCY E. HOWE *et al.*

| 72 | 133 |
| 121 | 450 |
| 25a | 72 |
| 72 | 133 |
| 63a | 555 |
| 72 | 133 |
| 101a | 1579 |
| 101a | 1581 |

1. INTOXICATING LIQUOR—*master liable for damage occasioned by sale by his clerk.* In a civil action by a wife against one for selling liquor to her husband, it is not proper to instruct the jury, that if the defendant had given orders to his clerks and agents, whose employment was to sell intoxicating liquors, not to let the plaintiff's husband have liquor, and that the defendant did not, in person, let him have liquor, but refused to do so, then the defendant would not be liable for the acts of his clerks in violation of such instructions, and without his knowledge and consent.

2. Such an instruction might be proper in a criminal prosecution to recover the penalty. And if the defendant had, in good faith, forbidden his clerk or bar-tender to let the husband of the plaintiff have liquor, and the clerk wilfully disobeyed him, without the connivance of defendant, it seems that, in a civil action, this fact should go in mitigation, not of the actual damages, but of the vindictive damages claimed.

3. SAME—*rule as to right of recovery of wife for sale of liquor to husband.* In a suit by a wife against one for selling intoxicating liquor to her husband, where there is no evidence that she has been injured by the act of the defendant, either in her person, her property, or her means of support, she can not recover actual damages, and consequently she can not recover exemplary damages.

APPEAL from the Circuit Court of Shelby county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. THORNTON & WENDLING, for the appellant.

Messrs. HENRY & PENWELL, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, originally brought to the Moultrie circuit court, and taken, by change of venue, to Shelby county, by Nancy E. Howe and others, against Joseph L. Keedy, under the fifth section of the act of January 13, 1872, known as "the liquor law," which resulted in a verdict and judgment for the plaintiffs. To reverse this judgment the defendant appeals, and assigns substantially the same errors as were assigned in the case of *Kellerman* v. *Arnold,* 71 Ill. 632, and the discussion of which involves the same considerations we have noticed in that case, and in the cases of *Meidel* v. *Anthis,* 71 Ill. 241, and *Freese* v. *Tripp,* 70 Ill. 496.

It is complained here that the court refused to give this instruction, asked for defendant:

"If the jury believe, from the evidence, that Keedy himself, did not sell or give intoxicating liquors to Howe, after July 1, 1872, and that he refused so to do, and that Keedy gave

orders to his clerks and agents not to sell or give such liquors to Howe, that then Keedy is not liable for the acts of his clerks or agents in violation of his instructions, and without his knowledge or consent."

In the case of *Freese* v. *Tripp,* to which reference has been made, the jury had been instructed to find exemplary damages for the plaintiff, whereupon the defendant asked an instruction somewhat like the one we are now considering, and we then held, exemplary damages having been demanded, it was but fair defendant should have the right to show matters in mitigation, and if the defendant, in good faith, had forbidden his clerk or bar-tender to sell or give liquors to this drunkard, and the clerk wilfully disobeyed him, without defendant's connivance, it seemed to us it should go in mitigation, not of the actual damages, but of the vindictive damages claimed.

Appellant claims this instruction should have been given as asked. He insists that the effect of refusing to give the instruction was to inform the jury that the master was not only liable for the neglect and torts of his servants done within the scope of their employment, but for all their acts, whether negligent or wilful, which were expressly forbidden; that under the rule as thus announced, the master could not, by the most prudent management, and the most positive instructions, protect himself from the consequences of the wantonness and malice of his servants. Such a doctrine, he insists, has no foundation in law, reason or right.

Appellant contends, as this is not a suit at common law, for negligence, but one on a statute highly penal, it must be strictly construed, and not extended by implication beyond its express language. To this, this court has assented, in a modified form, in one or more of the cases cited, *supra.* But this action is a civil suit, authorized by that law. If it was a prosecution under that law for the penalty, then it might be held, as in the cases cited, that the one who incurred the pen-

alty must be the person punished. The citation of authorities is not entirely apposite, as, in this case, it is undeniable, the clerk was acting within the scope of his employment, which was to sell intoxicating drinks. The record shows liquors were sold by the clerk to Howe, in the presence of the defendant, without objection from the defendant.

We do not understand the rule to be as contended by defendant. Text writers on agency, Story among others, say, in a civil case, where an agent does an act in the course of his employment, although the principal did not authorize or participate in, or know of such misconduct, or even if he forbade the acts or disapproved of them, the rule of *respondeat superior* applies. Story on Agency, § 452, and a large number of cases there cited. The rule is founded upon public policy and convenience. It was undoubtedly the duty of this clerk to obey the orders of his master, if given to be obeyed, but his disobedience can not exonerate the master. This court has held this to be the true doctrine in *Johnson* v. *Barber*, 5 Gilm. 425, *Tuller* v. *Voght*, 13 Ill. 285, and *Moir* v. *Hopkins*, 16 ib. 313, where it was said the rule is, that the principal is liable for the torts of his agent done in the course of his employment, although the principal did not authorize or justify, or participate in, or even if he disapproved of them. If the tort is committed by the agent in the course of his employment, while pursuing the business of his principal, and is not a wilful departure from such employment and business, the principal is liable, although done without his knowledge.

Selling strong drinks was the employment or business, and it was not a wilful departure from this business to sell to a drunkard against the orders of the principal, though it might be held as a wilful departure from the orders of the master.

This instruction was not asked on the point of exemplary damages, as in *Freese* v. *Tripp, supra,* but went to the recovery of actual damages, and was therefore inadmissible.

JUSTICES SCOTT, SHELDON and CRAIG, dissenting.

In our examination of this record we find no evidence, whatever, that the plaintiff has been injured by the act of the defendant, in her person, her property, or in her means of support, and has shown no right to recover actual damages, and consequently, as we said in the cases *supra*, no right to recover exemplary damages. The plaintiff is shown to be a person of abundant means.

The sale of her land, which was mortgaged for an honest debt years before, voluntarily, and not in consequence of, or by reason of intoxication, has no place in the consideration of this case. Appellee's counsel make no point on it, and considered it so unimportant and irrelevant as not to allude to it in their argument. It has nothing to do with the case.

We fail to perceive any right of action and recovery on the part of plaintiff. The judgment must be reversed and the cause remanded.

*Judgment reversed.*


Mr. JUSTICE SCOTT, Mr. JUSTICE SHELDON, and Mr. JUSTICE CRAIG, dissenting:

The medical testimony in this record shows, that the cause of the husband's sickness was a drunken debauch; and that his sickness and death were caused by intoxicating liquor.

It was in evidence, that after his death, his widow had to pay $1000 for him, for which they had before given a mortgage on her land; that the husband was a farmer, and attentive to business when sober. The plaintiffs in the suit are the widow and four children of the deceased husband, the ages of the children ranging from two to ten years.

In view of such evidence, we can not say there is no proof of actual damage, that the widow was not injured in her property, and that the plaintiffs, in the deprivation, by death, of a husband and father, were not injured in their means of support.

We do not thus weigh the effect of evidence.