## JOHN J. FENTZ

*v.*

## MARY C. MEADOWS.

1. INTOXICATING LIQUORS—*statute in relation to sale of, should be strictly construed.* The act in force July 1, 1872, entitled "An act to provide against the evils resulting from the sale of intoxicating liquors in the State of Illinois," is of a character highly penal, providing a right of action unknown to the common law, in which the party prosecuting has a decided advantage, and the act should receive a strict construction.

2. SAME—*exemplary damages.* A party, suing under the statute to provide against the evils resulting from the sale of intoxicating liquors, can not recover exemplary damages, without first proving, to the satisfaction of the jury, that she has sustained actual damages.

3. Same — *the fact that sale was made by servant, in violation of master's orders, may be considered in mitigation of exemplary damages.* In a suit by a wife against one for selling intoxicating liquors to her husband, if the defendant, in good faith, had forbidden his bar-tender to sell or give liquors to the husband of plaintiff, and the bar-tender wilfully disobeyed him without the defendant's connivance, such fact would be proper to be considered in mitigation, not of the actual damages which may have been caused, but of exemplary damages claimed.

4. Same — *the wife's right of action, to what it extends.* The statute in relation to the sale of intoxicating liquors gives the wife a right of action only in cases where, by the selling of liquors to a drunken husband, she has been injured in person or property or means of support; and where no injury in either of these respects is proved, no recovery can be had.

Appeal from the Circuit Court of Richland county; the Hon. James C. Allen, Judge, presiding.

Messrs. Wilson & Hutchinson, for the appellant.

Messrs. Longenecker & Carnes, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case, brought to the Richland circuit court by Mary C. Meadows against John J. Fentz, under the act in force July 1, 1872, entitled "An act to provide against the evils resulting from the sale of intoxicating liquors in the State of Illinois."

The declaration is framed under section five of that act, and on trial, under the plea of not guilty, a verdict was rendered for five hundred dollars damages, which the court refused to set aside, but entered judgment thereon.

To reverse this judgment the defendant appeals, and assigns various errors, the principal of which are upon the instructions, and which we have heretofore had occasion to consider and determine, first, in the case of *Freese* v. *Tripp*, 70 Ill. 496, and followed by *Keedy* v. *Howe et al. ante*, p. 134, *Kellerman* v. *Arnold*, 71 Ill. 632, and *Meidel* v. *Anthis*, 71 Ill. 241. In these cases, all of them brought under the same statute, it was held, the statute was of a character highly penal, providing a right of action unknown to the common law, in which

the party prosecuting has a decided advantage, and should, according to the well understood canon, receive a strict construction.

The various provisions of the statute were commented on, in the cases referred to, and their meaning fixed by the judgment of this court, and with which the judgment of the circuit court in this case conflicts in many important particulars.

We have said, a fair construction of this statute requires a party, suing under it, should prove, to the satisfaction of the jury, actual damages sustained, without which exemplary damages could not be awarded. This is the substance and point of defendant's second instruction, which the court refused to give, which was error.

So it was held in one or more of the cases cited, that, if the defendant, in good faith, had forbidden his clerk or bar-tender to sell or give liquors to the drunkard, and the clerk wilfully disobeyed him, without defendant's connivance, that would be a fair subject for consideration in mitigation, not of the actual damage which may have been caused and done, but of the exemplary damages claimed. This is the point of defendant's seventh instruction, which the court refused to give. This was also error, and it was error to refuse evidence on that point.

In this view, the court should have given defendant's third instruction, for the statute gives the wife a right of action only in cases where, by the selling liquor to a drunken husband, the wife has been injured thereby in person or property or means of support. No injury is proved in either of these respects, and no foundation appears for the verdict. There is no proof sufficient to sustain it. The husband is proved to be a chronic drunkard, contributing nothing to the support of his wife. For selling to such a person a glass of whiskey, the seller may be indicted and punished criminally for the violation of a public law, but it is rank injustice to require him to pay to the wife five hundred dollars, she failing to show any injury to her in person, property or means of support in consequence of such selling. If this was allowed, it might be a very desirable acquisition, to a certain class of women, to have a confirmed

inebriate for a husband. She could not fail to make money out of him.

For the errors indicated, the judgment of the circuit court is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*