## JACOB ALBRECHT

### *v.*

## MARY L. WALKER.

1. INTOXICATING LIQUORS—*wife's right to damages for selling to her husband.* There must be proof of injury to the wife in her person, property or means of support by the intoxication of her husband, to justify a finding of damages in a suit by her against the person furnishing the liquor to him, and without such damages, exemplary damages can not be awarded. Abuse of the wife by cursing her, when under the influence of liquor, is not an element of damages, but there must be actual personal violence.

2. SAME—*exemplary damages.* Exemplary damages can not be awarded against the seller of intoxicating liquor to a husband, in a suit by the wife, for selling without license, or upon the Sabbath day, by way of punishment, as the law has provided for that by indictment. If the seller seduces a party from the path of sobriety, or knowingly induces one attempting to reform to violate his resolution, exemplary damages may be awarded in the nature of compensation to the injured party.

3. JURORS—*prejudice as a ground of challenge.* The fact that a juror is prejudiced against the business of a party, but not against him, is not a sufficient ground of challenge.

4. In a suit against a manufacturer of lager beer, by a wife, for selling beer to her husband, a juror stated, under oath, that he thought the business of manufacturing and selling beer was a perfect nuisance; that it was a very low business; that no man should be allowed to engage in it; that he had no sympathy at all for a man engaged in it; that it was a curse to the community, and that he would do all in his power, except raising mobs, to break down places for the manufacture and sale of beer: *Held,* that he was incompetent on account of his prejudices.

5. INSTRUCTION. It is error in an instruction to bring matters to the consideration of the jury not cognizable by them, as an element of damages, and calculated to influence their minds against a party.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action on the case, by Mary L. Walker against Jacob Albrecht, to recover damages for the sale of intoxicating liquor to the plaintiff's husband by the defendant.

Mr. G. GILBERT GIBONS, for the appellant.

Mr. J. J. HERRON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court of Bureau county, rendered in an action on the case, in which Mary L. Walker was plaintiff, and Jacob Albrecht defendant, brought under section 5 of the act of 1872, called the Liquor Law.

There was a trial by jury, resulting in a verdict for the plaintiff, of two thousand dollars, for which the court, refusing a motion for a new trial, rendered judgment, to reverse which defendant appeals.

Appellant was a brewer of beer, and, in that occupation, aided the farmers who raised barley and hops, and contributed, by the heavy taxes paid to the general government, to the payment of our public debt. He had no license to sell beer in small quantities. That plaintiff's husband imbibed at this brewery, pretty freely at times, is satisfactorily proved. He was not an habitual drunkard, but indulged occasionally in drinking to excess, impelled thereto, as he testified, by the cruel and abusive conduct of his wife towards him, and she knew his weakness in this regard before her marriage to him. There is nothing in this record commending this woman to the favorable consideration of any court. She became pregnant whilst a widow of some years, and was in that condition

when she married Walker, and though they have been divorced, yet it is proved Walker has the same sexual intercourse with her he had when her husband. This shows the parties are of loose morals, and not possessed of very nice sensibilities. There is a want of evidence of injury to her person, property or means of support to any appreciable extent. This court has uniformly held this proof must be made before the jury can find actual damages, and without finding such damages, they can not find exemplary damages. *Freese* v. *Tripp,* 70 Ill. 496; *Keedy* v. *Howe et al. ante,* p. 134; *Kellerman* v. *Arnold,* 71 Ill. 632, and other cases there cited; and we may refer to two cases decided at this term, on this point: *Brantigam* v. *While, post,* p. 561, and *Blank et al.* v. *Falford.*

Appellant makes the point that the court erred in refusing his challenge, for cause, of Mr. Carpenter and Mr. Steckel, called as jurors.

It is a familiar principle, that jurors must be free from all exception. There have been innovations upon this old maxim of the common law, by the legislation of some States, among them our own, as will be seen by reference to section 14 of chapter 78, title "Jurors," R. S. 1874, p. 633. This change of the law was rendered necessary for the due administration of criminal justice, and demanded by its exigencies, and will, no doubt, work well in practice.

Carpenter, on his cross-examination on his *voir dire,* testified that he had a prejudice against the business in which the defendant was engaged, but not against the defendant himself, and although he might have a prejudice against the man engaged in the business, he did not know that he would start out in the investigation with a prejudice against the man engaged in it. All honest men have a prejudice, so to speak, against larceny and other crimes, but if no prejudice exists against a party charged with the crime, we do not think that of itself is ground of challenge for cause. The court did not err in disallowing the challenge, for cause, of Mr. Carpenter.

The case is different as it regards Steckel. He seems to have been full of prejudices of the most unalloyed character. He said

he thought the business of selling and manufacturing lager beer was a "perfect nuisance;" thinks it a very low business; thinks no man should be allowed to manufacture or sell it; has no sympathy at all for a man who would go into that kind of business; it is a curse to the community; is bitterly opposed to those places for the manufacture and sale of lager beer, and will do all that lays in his power, except raising mobs, to break them down. Being asked by the court if he felt a consciousness of a leaning in favor of one party or the other on a question of this kind, to start with, he answered: "Well, my feeling on that is, to have the thing stopped—that is what I feel."

This juror, we think, was disqualified. A man who will, under oath, assert that he will do anything, short of inciting a mob, to put down the manufacture of beer, and he that sells it, is not in a fit condition of mind to judge impartially. Life, liberty or property would not be safe with such a man. Lamentable indeed would be the condition of each and of all, if the jury box shall be occupied by men who are governed by their own mean prejudices—by men who fancy themselves pre-eminently virtuous and good, in proportion as they are bigoted and fanatical. This man, if he would stop at nothing short of mob violence to put down the manufacture of beer, would not hesitate a single moment to visit one engaged in it with the heaviest damages. He would not take much pains to scrutinize and weigh the evidence. It would be sufficient for him the defendant was a manufacturer of lager beer. Such a man is a vile sinner, and should receive unmitigated condemnation. Fortunately for the public, such a man as this juror shows himself to be, can not be allowed to sit in judgment on his fellows in cases of this nature. His prejudices and·bigotry would incapacitate him, and the court should have allowed the challenge for cause. It was error to deny it.

This error is sufficient to reverse the judgment, but as the cause will be remanded, we have considered the instruction given for the plaintiff, to which exception was taken by the defendant.

The point made on the instructions is most important. The fourth instruction given for plaintiff is specially excepted to, and, in conformity with previous rulings of this court, should not have been given. It is as follows:

"The jury are instructed that, in actions of this kind, they can allow exemplary damages; and if the jury believe, from all the evidence, that the defendant knew that the husband of the plaintiff was in the habit of drinking to excess, and, while under the influence of intoxicating liquor, was quarrelsome and dangerous, and liable to neglect his business and family; and that the defendant sold or gave the then husband of the plaintiff intoxicating liquor, after the first day of July, A. D. 1872, and prior to the fifteenth day of August, A. D. 1873; and that such liquors produced partial or total intoxication; and that while so intoxicated, and because of such intoxication, he abused the plaintiff by cursing her and choking her, or neglected his business and her, by running away from her, by reason of such intoxication, said facts would authorize the jury in finding exemplary or vindictive damages, if deemed proper by them; that is, such damages as would compensate the plaintiff for any damages which she suffered by reason of such sales or gifts, and also would punish the defendant, and to furnish an example to others to deter others from like practices. And in estimating such vindictive or exemplary damages, the jury may take into consideration the facts, if proven, that some of such sales were made on the Sabbath day; that the defendant provided amusements on that day for the purpose of attracting visitors to his place of business, and that all of such sales were made without a license, and all other circumstances connected with the case, in determining what is proper, in view of the whole case."

This instruction is erroneous in important particulars, and is contrary to the spirit and meaning of the statute as expounded by this court, beginning with *Freese* v. *Tripp, supra,* and ending with *Brantigam* v. *While,* and *Blank et al.* v. *Falford,* decided at the present term. It brings to the consideration

of the jury matters not cognizable by them, and is calculated to inflame their minds, when cool, deliberate judgment should be exercised.

This court has held, that abuse of the wife by cursing her, when under the influence of intoxicating liquor, is not an element to increase the damages to be awarded against the seller. There must be actual personal violence. It is objectionable, as there was no evidence to sustain portions of it, for example, as to his "running away" from his wife—the proof was simply that he left her by reason of her insufferable conduct.

Again, this court held, in *Freese* v. *Tripp, supra,* that damages could not be awarded by way of punishment of the seller, as the law has provided for that by indictment, to be followed by fine and imprisonment. "Vengeance is mine," saith the law. And other matters to inflame the jury are also found in the instruction, such as selling on the Sabbath day, providing amusements on that day, and selling without a license. These are offenses provided for in the criminal code.

This direction, coming from the court, could not fail to have a potent effect upon the minds of the jury, and that it had is evidenced by a verdict of two thousand dollars damages to a party not meritorious, and whose injuries, if any were suffered, were of a trifling and inconsiderable nature.

If appellant's conduct was in violation of law, and outraged the public, the public have their remedy by indictment, and punishment of the guilty will assuredly follow. Can the law be said to be vindicated, by putting money in the pocket of an individual, under the claim of a real or fancied wrong done by another?

In the case of *Kellerman* v. *Arnold, supra,* in speaking of exemplary damages, it was said, where a seller of intoxicating drinks had been notified not to sell in a particular case, or where he placed temptations in the way of one to seduce him from the path of sobriety, or where one, who had been an habitual toper, was endeavoring to reform, and free himself from the toils in which he had been bound, if he should be interfered with by the dram-seller, to conquer his resolution, such

a person would be a fit subject for exemplary damages, and such damages, so awarded, would be in the nature of compensation to the injured party.

For refusing defendant's challenge of the juror Steckel for cause, and for giving the fourth instruction for the plaintiff, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

Mr. JUSTICE SCOTT:    I do not concur in the decision in this case.