PHILIP BRANTIGAM

*v.*

AMY WHILE.

73   561
23a   97
73   561
42a 177
73   561
114a ²   8.

1. INTOXICATING LIQUORS—*measure of damages in suit by wife under sec. 5 of Liquor Law of* 1872.   In a suit by a wife under sec. 5 of the Liquor Law of 1872, the measure of damages is, the injury to the person or property or means of support of the plaintiff, and the jury, in determining the damages, should not take into consideration any mortification to the plaintiff's feelings or mental suffering on her part.

2. SAME—*exemplary damages for sale, when allowed.*   In a suit by a wife for selling liquor to her husband, under the Liquor Law of 1872, exemplary damages can not be recovered unless actual damages are found, unless it appears that the party charged sold the liquor after warning and notice not to sell.

3. Where, in good faith, the employee of a saloon keeper is instructed not to sell to a person in the habit of getting intoxicated, and the servant wilfully disobeys the instructions, the principal is not liable to exemplary damages.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. EUSTACE, BARGE & DIXON, for the appellant.

Mr. M. H. WILLIAMS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court of Lee county, rendered in an action originally brought before a justice of the peace of that county by Amy While, wife of John While, under section 5 of the Liquor Law of 1872.   The

damages claimed were two hundred dollars, and for this amount the jury found a verdict, and the court rendered a judgment, having overruled a motion for a new trial.

The defendant had a license to sell spirituous liquors. The jury have found, by their verdict, that John While, to whom he sold, was the husband of the plaintiff, and that he was a man in the habit of getting intoxicated. There is much testimony in the record rendering it doubtful if defendant was guilty, as it was shown her husband drank frequently at one Martin's, on the day charged, and kept whiskey and beer at his own house. But, it may be conceded, there is testimony sufficient to sustain the finding on this point.

Objections are made to the instructions given on behalf of the plaintiff, and to the ruling of the court on instructions asked by defendant. If the jury were not properly instructed, and thereby injury has resulted to the defendant, it is well settled doctrine that the judgment must be reversed. In cases like this, it is all important the law should be clearly and accurately given to the jury, and no better authority for the law of the case is to be found than that declared in repeated decisions of this court, in cases arising under this statute.

The section of the statute under which this action was brought, gives the action, among others, to every wife who shall be injured in person or property or means of support by means of selling spirituous or intoxicating liquors to the persons described. This is all for which the wife can claim damages, and courts can not add other items or causes to those specified. In *Freese* v. *Tripp*, 70 Ill. 496, which was the first case coming before this court under this law, it was held that mental suffering of any kind, of the wife, was not an element in the assessment of damages, and reference was made to *Mulford* v. *Clewell*, 21 Ohio St. R. 191, as authority on the point. Ohio being the State from which we have taken the statute, the decisions of the courts of that State on the point are entitled to respect.

This decision of this court being before the circuit court, the following instruction asked by the defendant was refused:

" 6.   In this case the measure of damages is, the injury, if any, shown by the proof, to the person or property of the plaintiff, or to her means of support, and the jury have no right in determining the damages, if any, in this case, to take into consideration any mortification to the plaintiff's feelings or mental sufferings by her."

The same ruling was held in all the subsequent cases coming before this court in which the question was raised, and is to. be taken as the law of the case on this point.   It was error to refuse this instruction.

It is also complained that the court modified defendant's first instruction.   As asked, it was as follows:

" 1.   If the jury believe, from the evidence, that the defendant in good faith instructed his employees not to sell or furnish liquor to John While, the husband of the plaintiff, and himself refused to furnish him liquor, but that the employees of the defendant, through mistake or caprice, did furnish it to said John While, then the jury would have no right to give exemplary damages or smart money."

The modification was made by erasing the words, "then the jury would have no right to give exemplary damages or smart money," and inserting in their place these words: "such fact should be considered by the jury upon the question of exemplary damages."

This court held, in *Freese* v. *Tripp, supra,* and in *Keedy* v. *Howe et al.* 72 Ill. 133, that where, in good faith, the employees of the saloon keeper were instructed not to sell to the person who is the subject of the action, being one intoxicated or in the habit of getting intoxicated, and the servant wilfully disobeys the instructions, the principal is not liable to exemplary damages.   The instruction, therefore, as modified, did not go far enough, but left it discretionary with the jury to find or not exemplary damages.   This was error.

It is apparent from the verdict, it going to the furthest extent of the law, that the jury did not confine themselves to the

actual damages, but, influenced by the instruction that they could allow for mental anguish and suffering, have gone the whole length.

This court held, in the cases cited, and in *Kellerman* v. *Arnold*, 71 Ill. 632, and *Meidel* v. *Anthis*, ibid. 241, and in *Fentz* v. *Meadows*, 72 Ill. 540, that, under this statute, exemplary damages could not be allowed, unless actual damage was found—unless it should appear the party charged had sold after warning and notice not to sell. That would present a fair case for exemplary damages. The statute nowhere countenances the idea that exemplary damages may be awarded at the mere caprice of the jury.

This record may be searched in vain for proof that appellee was injured in her person, in her property, or in her means of support, by the act of appellant. We would infer, from her testimony, that although her husband was a miller by occupation, he worked but seldom, and contributed very little to her support; that she, in fact, had always supported him by her art and skill as a hair dresser. Her husband was an incumbrance, it would seem, and not a useful member of her household. There is no proof whatever that appellee has been injured in either of the respects specified in the statute, and yet she has recovered damages to the extent of the law. This finding is contrary to the clear intent and meaning of the law, as this court has expounded it in the cases *supra*.

For the reasons given, the judgment must be reversed.

*Judgment reversed.*

Mr. JUSTICE SCOTT: I do not concur in this opinion.