## JOHN GRAHAM *et al.*

### *v.*

## ROXINA FULFORD.

73  596
150  268

1. PRACTICE—*dismissing as to part of plaintiffs.* In an action on the case by the wife and minor children, under the Liquor Law of 1872, against a party selling liquor to their husband and father, it is competent for the court to dismiss the minors out of the case, and let the suit proceed in the name of the wife.

2. EXEMPLARY DAMAGES—*can not be allowed, unless actual damage is shown, in suit for selling liquor.* In a suit by a wife for injury to her means of support, caused by selling liquor to her husband, she can not recover exemplary damages unless the jury find that there has been actual damage.

APPEAL from the Circuit Court of Kankakee county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Messrs. RICHARDSON BROS., and Mr. STEPHEN R. MOORE, for the appellants.

Mr. J. BROUSSEAU, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, in the Kankakee circuit court, under section 5 of the "Liquor Law" of 1872. Sess. Laws 1872, p. 552.

The plaintiffs in the suit, when brought, were, Roxina Fulford, the wife, and Catharine and Henrietta, minor children of Abel Fulford, who sued by their next friend, Abel K. Fulford. A motion was made by defendants to dismiss the cause for the reason the next friend had not filed a bond for costs. Thereupon the plaintiff dismissed the suit as to the minors, and this is the first point made.

There is nothing in the point. The action of the court in dismissing the minors out of the case is authorized by section 23 of the Practice Act. R. S. 1874, p. 778.

The next point is on the evidence. The action was brought against Henry Blank, Charles Graham, Milton Vankirk, Jacob Love and Frederick Knightheart. There is no evidence sufficient to charge Knightheart, and as against Graham it is very unsatisfactory. Taking it all together, and giving entire credence to all the testimony, it would seem the plaintiff connived at the offense, and could have prevented it, had she so chosen. But we are not disposed to reverse, on the evidence, except as to Knightheart. There is no evidence against him.

The next point is on the instructions. The court gave this instruction for the plaintiff:

"If you find, from the evidence, that the defendants, or either of them, are guilty, then you have a right to find, as exemplary damages, any amount not exceeding one thousand dollars."

The objections to this ruling are obvious. The section of the statute under which this action was brought, gives the action to the person who shall be injured in her person, or property, or means of support, and this court has held, some proof of the probable extent of the damage must be given to justify the finding. These would be actual damages, and unless they are found by the jury, exemplary damages can not be awarded. *Freese* v. *Tripp*, 70 Ill. 496; *Keedy* v. *Howe et al.* 72 Ill. 133; *Kellerman* v. *Arnold*, 71 Ill. 632; *Meidel* v. *Anthis*, 71 Ill. 241; *Brantigam* v. *While, ante*, p. 561.

The jury were told by this instruction, if they were satisfied the defendants had sold intoxicating liquors to the plaintiff's husband, then they could find one thousand dollars damages against them, irrespective of the fact of the want of proof of actual damages. This court has said repeatedly that some actual damage must be proved to justify the finding of exemplary damages.

The case is not an aggravated one by any means. Her husband's hands would not have suffered from the cold if she had supplied him with warm mittens.

For the error in giving the above instruction, the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT: I do not concur in this opinion.