AMBROSE BETTING AND JOHN L. WHITMAN

v.

TARJOR O. HOBBETT.

*Dram Shops—Means of Support—Injury to—Evidence—Instructions—
Damages.*

1. In a case where the facts and legal questions involved are few and simple, care should be taken that the instructions are not unnecessarily numerous and prolix.

2. To warrant the giving of exemplary damages in actions brought to recover under the Dram Shop Act for loss of support, the proofs must show actual damage sustained, and aggravating circumstances attending the sale or giving of the liquors.

3. The selling to a man whom the seller knew to be in the habit of getting intoxicated, and the continuing to sell to one already intoxicated, so that the intoxication was increased and prolonged, would, in either instance, constitute a selling under aggravated circumstances within the meaning of the foregoing rule.

4. This court holds that the sales to the person in question were made under such circumstances as to warrant the awarding of exemplary damages; that the verdict for $2,000 could not be regarded as excessive even as actual damages to the plaintiff's means of support, and declines to interfere with the judgment in her behalf.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. JOHN MCKEOUGH, for appellants.

Messrs. BROWNE & AYERS, for appellee.

HARKER, J. This was an action on the case brought by appellee under the 9th section of the Dram Shop Act to recover for injury in her means of support in consequence of the intoxication and death of her husband produced by liquor sold to him by appellants.

There was a trial by a jury which resulted in a verdict and judgment for $2,000.

The evidence in the record shows that Olson Hobbett, the deceased husband of appellee, a strong and healthy man of twenty-five years, early in the afternoon of February 3, 1890, in company with several companions, began drinking at the saloon of Betting and continued to drink there and at the saloon of Whitman, until he became very much intoxicated. The saloons of Betting and Whitman were the only ones in the town of Leland, and it was clearly proven that the liquors pro-

ducing the intoxication of the deceased were furnished him by the appellants or by their servants with their knowledge. The drinking continued all afternoon, until about seven o'clock, when the deceased, in a very drunken condition, started[1] home in company with three of his companions, and while passing along the track of the C., B. & Q. R. R. Co. was run over and killed by a passing freight train.

Under the evidence in the case no other conclusion can be reached than that the death of Olson Hobbett was the result of the intoxication produced by liquors sold and given him by appellants, and that appellee has been injured thereby in her means of support. The pleadings and the evidence were sufficient to support a verdict for actual damages for appellee. Nor would we be willing to say that the sum of $2,000 exceeds the amount of her actual damages. Such being our view of the case, the judgment should be affirmed, unless the giving of appellee's second instruction is reversible error. That instruction is as follows:

"2. The court instructs the jury, as a matter of law, that in a suit brought by a wife or widow to recover for an injury to her means of support, caused by the intoxication of her husband, produced in whole or in part by intoxicating liquor sold or given to him by the defendant or defendants (if such facts are shown by the evidence), if it further appears from the evidence that in consequence of such act of causing such intoxication, and as a proximate result or consequence of such intoxication, so caused, she has sustained actual and real damages to her means of support, then the jury may, in addition to the actual damages shown, give exemplary or vindictive damages, unless it shall further appear from the evidence that such liquor was sold or given to the husband, not by the defendants, but by their agents or servants, and that the defendant or defendants had forbidden his or their said agent or agents to sell or give liquor to such husband, and did not know of, nor permit such sale or gift when made, in which case the defendants would not be liable to exemplary or vindictive damages." (Given.)

The objection to this instruction is appellants' chief conten-

Betting v. Hobbett.

tion.   It is insisted in their behalf that there was nothing in
the evidence to warrant the jury in awarding exemplary or
vindictive damages; that for that reason, such an instruction
was not applicable to the facts, and that inasmuch as the record
does not show what proportion of the sum allowed was for
actual damages and what proportion for exemplary damages,
the verdict and judgment should not stand.   From expressions
of opinion in reported cases by our Supreme Court we under-
stand the rule in this State to be that to warrant the giving
of exemplary damages the proofs must show actual damage
sustained, and aggravating circumstances attending the sale,
or giving of the liquors.   Freese v. Tripp, 70 Ill. 496; Meidel
v. Anthis, 71 Ill. 241; Kellerman v. Arnold, 71 Ill. 632;
Brantigam v. While, 73 Ill. 561.

It would be difficult to determine and enumerate the only
matters in aggravation which would warrant the awarding of
exemplary damages.   Nor has any attempt in that direction
been made in any of the published opinions.

Judge Breese in the opinion in Meidel v. Anthis mentioned
two, but there is no pretense that they are the only ones.
We feel safe in saying that the selling to a man, whom the
seller knew to be in the habit of getting intoxicated, and the
continuing to sell to one already intoxicated, so that the intox-
ication was increased and prolonged, would in either instance
constitute a selling under aggravated circumstances within the
meaning of the rule.

The evidence shows that Hobbett spent over five hours con-
tinuously in the two saloons of appellants; that he was under
the influence of liquor at two o'clock; that he drank freely
and became more and more intoxicated until he left for home
at seven o'clock; that while in such a condition, appellants con-
tinued to deal out liquor to him, and that just as he left to go
upon the railroad track where he met his death, he took a
parting drink at Betting's saloon.   Sales made to him under
such circumstances were sufficiently aggravated to warrant the
awarding of exemplary damages.   In other respects the
instruction was faulty and should have been refused by the
trial court, but, inasmuch as its only effect could be to author-

ize the jury to award exemplary damages, and we are of the opinion that this case is one in which such damages are properly allowable, the judgment should not be reversed because of the faultiness of that instruction alone. Substantial justice has been done. The sum of $2,000 could not be regarded as excessive even as actual damages to appellee's means of support.

We see no objection to the other instructions complained of, but we can not refrain from saying that the instructions in this case were unnecessarily numerous and prolix. In a case where the facts and legal questions involved are so few and simple, such a practice is pernicious and calculated more to confuse than to aid the jury in arriving at a correct conclusion.

In the preparation of such a mass of instructions by counsel and the passing upon them during the rush of trial by the court, it would be almost miraculous if not a single instruction given contained a fault.

*Judgment affirmed.*