## THOMAS BATES

*v.*

## JANE DAVIS.

INTOXICATING LIQUORS—*exemplary damages.* In a suit by a wife against a party, for selling liquor to her husband, to recover damages for an alleged injury to her means of support, where the evidence tended to show that the defendant endeavored to prevent the husband from getting liquor at his place; that he frequently refused him, and instructed his clerk to refuse him liquor, but showed that the husband procured it through others, concealing his name, and there was no attempt to show how or in what manner the plaintiff's means of support was affected by defendant selling liquor to her husband, it was *held*, that there was no foundation laid for exemplary damages; and where the only instruction given for plaintiff was based upon exemplary damages, which resulted in a verdict of $300 damages, the judgment thereon was reversed.

APPEAL from the Circuit Court of Vermilion county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. J. B. MANN, for the appellant.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a suit brought by appellee, as wife of Milton Davis, under the fifth section of the act to provide against the evils resulting from the sale of intoxicating liquors, to recover damages for alleged injury to her means of support in consequence of the sale by the appellant of such liquors to her husband, he being, as the declaration alleges, a common drunkard.

The cause was tried by a jury on the plea of not guilty, and verdict and judgment for plaintiff for $300, to reverse which this appeal is prosecuted.

We have attentively read the evidence in this case. It tends to show that Milton Davis has been a drinking man for upwards of thirty years, and, for many years prior to the

time of any alleged sale of liquor to him by appellant, had been a thorough drunkard, neglecting his business, letting his property go to waste, spending his money in getting and his time in keeping drunk. But there is not discoverable in the evidence any purpose of showing how or in what way the plaintiff's means of support was affected in consequence of liquor alleged to have been sold him by the defendant.

The evidence tends to show that defendant endeavored to prevent Davis from getting liquor at his place; frequently refused him, instructed his clerk to refuse him; and the plaintiff having introduced her husband as a witness in her behalf, he testified to the fact of defendant refusing to let him have liquor, and that he resorted to the strategy of employing others to go and get it for him, instructing them to conceal the fact that it was for him. The evidence wholly fails to lay any foundation for exemplary damages. When concluded, the plaintiff's counsel, not submitting any instruction as to actual damage, asked and the court gave this instruction:

"Exemplary damages mean damages given by way of punishment for the commission of a wrong or tort willfully. They are not the measure of the price of property or valuables, but are given as smart money in the way of pecuniary punishment, to make an example, not only for the private good of the person suing, but for the public good, by way of example, and to teach other persons not to do likewise."

This being the only instruction upon the question of damages, the jury, as it would be natural for them to do, merely assessed a fine of $300 against the defendant, for the private good of the party suing.

The rule as to exemplary damages in this class of cases has been heretofore fully discussed and settled by this court.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*