Mr. Chief Justice Scott: I concur with Mr. Justice Dickey.

## Robert McCann

*v.*

## Rachel Roach.

81 213|
34a 342|

Intoxicating liquors—*evidence as to pecuniary condition of husband in suit by wife.* In a suit by a wife against one for selling or giving intoxicating liquor to her husband, when the proof showed the wife had no property to be injured, and that the family was reasonably well provided for, and that she suffered no serious injury to her person from the intoxication of her husband, it was *held* error to admit evidence of the value of the estate of the husband before the liquor law took effect, and the reduced condition of his pecuniary affairs at the time of the trial.

Appeal from the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding.

Messrs. Sweet & Day, for the appellant.

Messrs. Somers & Wright, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This is an action brought to the September term, 1873, of the circuit court of Champaign county, by Rachel Roach, the wife of John Roach, against Robert McCann, Morgan Ryan, and Patrick Ryan, under the statute of January, 1872, to recover damages alleged to have been suffered by her in consequence of the intoxication of her husband, caused, as is claimed, by liquors sold or given to him by the defendants.

Patrick Ryan was not served with process. Each of the other defendants pleaded "not guilty." After the evidence was heard at the trial, plaintiff dismissed her action as against

the Ryans, and a verdict was rendered against McCann, the damages assessed at $1100, and judgment was rendered upon the verdict. McCann appeals, and brings the record here for review.

This statute gives a right of action for any injury to her in her person, in her property, or in her means of support. In this record there is no proof that plaintiff had any property in her own right. There is proof that in November, 1872, her husband, when drunk, struck her and kicked her; but her son, 25 years old, a witness called by her, testifies, "there was no particular injury." There is also proof tending to show that her husband was frequently drunk during the time complained of; but there is no proof that he failed to support his wife. On the contrary, the son testifies that during this time the family were well provided for in food and clothing, and lived about as their neighbors did; and that some years before, the husband had provided better.

There is evidence tending to show that McCann gave the husband a bottle of liquor in November, 1872, which caused his intoxication at the time of striking and kicking his wife; but the weight of the evidence seems to be that Roach procured the bottle of liquor elsewhere, and deposited it in the care of McCann while he was preparing to leave town, telling McCann that the bottle contained oil.

It seems probable that the verdict in this case would not have been returned had the jury heard none but the evidence in the record legitimately bearing upon the issue.

There was, however, much evidence in the case having no bearing upon the case of McCann, relating solely to Ryan's relation to these transactions, and some evidence was admitted which was wholly incompetent. A witness was permitted by the court at the trial (the defendant objecting) to testify as to the value of the estate of John Roach before July, 1872, and as to the reduced condition of his pecuniary affairs at the time of the trial. This evidence had no relation whatever to the issue, and was well calculated to mislead the jury, and ought to have been excluded.

For this error the judgment must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

Mr. CHIEF JUSTICE SCOTT dissenting.