## JAMES B. CLEARS AND JAMES F. DALEY
### v.
## MARY STANLEY.

*Intoxicating Liquors—Dram Shop Act—Action for Damages—Challenge to Array—Instructions—Evidence.*

1. A challenge to the array must be based on objection to all the jurors composing the panel, and taken in apt time.

2. The dram shop act applies to a brewer and manufacturer of ale and porter, who sells the same in cask and barrel from his place of manufacture.

3. The erroneous modification of an instruction is not cause for reversal, if it is apparent that it did not influence the verdict.

4. An instruction is properly refused where there is no evidence to support it.

5. It is not error to refuse instructions containing only abstract propositions of law.

6. In an action under the dram shop act by a wife for the death of her husband, evidence of the financial condition of the husband at the time of his death is admissible for certain purposes.

7. In such action evidence of statements that he did not care to live, made by the husband two weeks before his death, is inadmissible.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Lee County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. DIXON & BETHEA and RUBENS & MOTT, for appellants

Messrs. BARDWELL & FARRAND, for appellee.

UPTON, P. J.    This action is in case commenced in the Circuit Court of Lee County, in 1888, by the appellee against appellants to recover damages resulting from habitual intoxication, during the last five years of his life, of appellee's husband, John Stanley, caused wholly or in part by appellants, as is alleged, and for damages to her means of support in consequence thereof, and for his death on July 3, 1888.

Clears v. Stanley.

The action is based upon the 9th section of chapter 43, R. S., which reads as follows: "Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication in whole or in part of such person or persons," etc.

Issues being joined, the cause was submitted to a jury in the court below, which, after hearing the evidence, entered a verdict for appellee for *actual* damages in the sum of $650, upon which a judgment was entered after overruling a motion in arrest and for a new trial, and from this judgment an appeal was taken to this court.

In the trial court on the 1st of April the panel of petit jurors was made up as follows: Venire had issued in due form for the requisite number of persons to fill the panel, who appeared before the court, and for reasons assigned the court excused several, reducing the number summoned on the regular panel to twenty, and the court, to fill the panel, did not require the clerk to draw again for jurors and summon them, nor did he require the sheriff to summon from the bystanders, but he permitted each juror (four in number) excused, to furnish a juryman in his place from his township.

On the 24th of April, when the cause was called for trial in the court below, appellants challenged the array, and the appellee demurred thereto, and the demurrer was sustained. Exceptions were taken, and that is the first point made before us upon this record.

It appears undisputed that the panel of twenty-four jurors contained twenty who were drawn and summoned in the regular way from the body of the county; to that extent, at least, it was a lawful panel, and to them there was no ground of challenge.

The challenge was to the array, which, if sustained, must quash the entire panel. Why, then, should the whole panel

have been discharged and a *venire de novo* issued to fill their places?

We perceive no reason whatever. How could appellants have been prejudiced thereby in the case at bar? It does not appear from the record before us, that appellants objected to any of the jurors when called, or put their challenge to the poll, nor does it appear that any of the peremptory challenges had been used, much less exhausted, and only one of the substituted jurors were upon the panel which tried the cause, and that without specific objection. After thus taking the jury appellant ought not to be allowed to speculate on the verdict. But it is needless to discuss the question from that standpoint. It is settled that a challenge to the array must be based upon objection to *all the jurors composing the panel* and taken in apt time.

The challenge should have been to " the talesmen," and not to the whole array, and then limited to those improperly on the panel, to have been effective. Grapp v. The People, 77 Ill. 160; Bouvier's Law Dict., title Challenge, and cases cited. The demurrer to the challenge was properly sustained by the trial court.

The second point to which our attention is directed is that appellant Clears was not a keeper of a dram shop, or a dealer in intoxicating liquors at retail, within the meaning of Sec. 9 of the Dram Shop Act, and therefore not liable in this action. And to sustain that position we are referred to the case of Aden v. Cruse, 21 Ill. App. 390, and same v. same, in Supreme Court, reported in 20 N. E. R. 73.

In our judgment the case cited and the principles announced therein have no application to the case at bar. So far as the determination in the cases cited affects the question now before us, this court said : " We do not think the Legislature   *   *   * intended the penalties on, and provisions contained in the dram shop act to apply to persons not directly or indirectly engaged in the liquor traffic."

When the case was before the Supreme Court it was said: "The various provisions of the statute are aimed at dram shops and at those who are engaged, either lawfully or unlawfully,

Clears v. Stanley.

directly or indirectly, in the liquor traffic, but not to those not in any way engaged, directly or indirectly, in the liquor traffic, who as host, confined in his own house or elsewhere, as an act of courtesy and politeness treats another to a glass of intoxicating liquor, without any purpose of profit or gain therefrom." This is the extent of the holding in the case cited, as we understand it. Can it be said that the appellants in the case at bar were not engaged in the liquor traffic directly or indirectly?

The one, Clears, was a brewer and manufacturer of ale and porter, selling the same by cask and barrel from his place of manufacture; the other, Daley, was the owner and keeper of a saloon and dram shop. Hence we think the case cited has no application to the one at bar. This view disposes of the second and third points presented.

Complaint is made that the court below erred in modifying appellants' eighth instruction. We think both upon principle and authority the modification was properly made and was not erroneous. Hackett v. Smelsley, 77 Ill. 120. Besides, if the modification be regarded as error it could not have influenced the verdict. The modification complained of related to appellee's means of support and injuries accruing during the five years preceding the death of her husband, while the verdict is sustained upon injuries resulting solely from the husband's death.

Objection is also made to the giving of appellee's eighth instruction and the refusal of appellants' nineteenth instruction. We think appellants' nineteenth instruction was properly refused. There is no evidence in the case tending to show " that John Stanley kept intoxicating liquor at his home and drank it there with the knowledge and approval of appellee;" indeed, the evidence is directly the other way, as we understand it. It is shown by the evidence that appellee on different occasions notified appellants not to furnish her husband with liquor, without avail.

It does not appear from the evidence that appellee and her husband were in the habit of drinking together. It is shown that upon two or three occasions she drank a glass of

beer with him, and upon those occasions, with one exception, it appears it was by compulsion of her husband. Appellee's eighth instruction was confined to actual damages, and we do not think it was erroneous in connection with the series given.

Complaint is also made, and it is said error was committed by the trial court in refusing appellants' twenty-second instruction. The cases in this State are too numerous to require citation, that it is not error to refuse instructions containing only abstract propositions of law. Such was the instruction it refused, and it was not error.

It is further claimed that the trial court erred in allowing appellee to state the property and pecuniary condition of her husband at the time of his death. In Flynn v. Fogarty, 106 Ill. 268, it is said: "It was highly proper to show what the deceased had done in his lifetime, the character of his business, his habits of industry and thrift, and all that sort of thing, with a view to determining what he probably would have done in the future had he not been killed. If it could have been know to a certainty what he would have accomplished but for his death, that would have furnished the exact measure of appellee's loss; but as that could not be definitely ascertained, the next best thing was, to show the aid and assistance he probably would have rendered her before his death, and this could only be done by proving his age, physical condition, habits of industry," etc.

This inquiry would, of necessity, involve his accumulations in property and effects prior to and at the time of his death, and the evidence offered and allowed by the trial court extended no further, and we think was not erroneous; nor do we perceive that it was in contravention of any principle or rule of law announced in the cases of McCann v. Roach, 81 Ill. 213, or Flynn v. Fogarty, 106 Ill. 263, to which we have been cited. If the evidence upon this branch of the case was improper it seems to us to have been called out by appellants upon cross-examination, of which he can not complain, and surely appellee should not be chargeable therewith.

It is further insisted that the proffered testimony of Gallagher should have been admitted. It was not a part of the

*res gestæ* nor of sufficiently recent occurrence to be said to have any legal bearing upon the principal event involved in the issues on trial. In our judgment the trial court committed no error in rejecting the proffered evidence, which was simply statements alleged to have been made by John Stanley about two weeks prior to his death concerning his treatment by those with whom he associated, and that he would as soon be dead as alive.

We think appellee's third instruction was not erroneous and was properly given to the jury.

It is further insisted that the evidence does not support the verdict and upon this contention the eminent counsel on both sides have presented for our consideration a carefully prepared and able argument, to which we have given most careful attention, and after the examination of all the evidence we are not able to say that the jury were not justified in the verdict rendered in the case upon that evidence.

In our judgment the verdict was fully warranted by that evidence and finding no substantial error the judgment of the trial court is affirmed.

*Judgment affirmed.*