KENNEDY BROS. *et al.*

*v.*

HANNAH SULLIVAN.

*Filed at Ottawa January 22, 1891.*

1. INTOXICATING LIQUORS—*injury from sale—action by the widow—exemplary damages.* Where saloon keepers, with knowledge that a person is in the habit of becoming intoxicated, and while he is in fact intoxicated, sell him liquors, and he is killed in consequence of his intoxication, they will be liable to exemplary damages in an action against them by the widow of the person so losing his life.

2. SAME—*instruction as to exemplary damages.* In an action against saloon keepers for causing the death of the plaintiff's husband by the sale and gift of intoxicating liquors, an instruction that the jury, in case they should find for the plaintiff, might assess her damages at such sum as they should think, from the evidence, she ought to recover, not to exceed the *ad damnum,* while not an explicit statement that the jury might award exemplary damages, was broad enough in its language to include such damages.

3. SAME—*evidence—instruction as to facts to be considered.* In such action the court, for the plaintiff, instructed the jury, that in determining whether the beverage called "beer," that certain witnesses had sworn the husband of the plaintiff drank in the defendants' places, was intoxicating, they had a right to take into consideration certain facts and circumstances in relation thereto which had been shown by the evidence, and which were specifically designated in the instruction, and which tended to prove that such beer was intoxicating, and after such summary the instruction expressly told the jury to take into consideration all the facts and circumstances in relation thereto : *Held,* no error to give the same.

4. SAME—*agency in making sales—instruction.* In an action by a widow against saloon keepers, to recover damages for injury to her means of support by the sale and gift of intoxicating liquors to her husband, whereby he lost his life through intoxication, exception was taken to an instruction given for the plaintiff, in so far as it submitted the question whether any person acted for the defendants, or any or either of them. There was proof that one M., during the absence of one of the saloon keepers, sold liquors for him so frequently as to give rise to an implication of his authority to act : *Held,* that the clause of the instruction applied only to the sales made by M.

5. Proof that a person was in the habit of going into a saloon of one when he was temporarily absent, and waiting on customers, with the knowledge and consent of the owner, is sufficient to justify the finding of an implied authority to act as agent.

6. EXEMPLARY DAMAGES—*when allowable—generally.* Where the evidence shows a willful or wanton violation of the law, or reckless or illegal acts and conduct in utter disregard of the rights of others, exemplary damages may be assessed in addition to the actual damages.

7. PRACTICE—*improper remarks of counsel, in argument.* Where counsel, in his closing argument to the jury, makes improper remarks reflecting on the defendants, in respect of matters not in evidence, which remarks are immediately withdrawn, on objection, will not call for a new trial; and when the trial court makes no ruling, and is asked to make none, the judgment will not be reversed because of such improper remarks.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Mc-Henry county; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. RUBENS & MOTT, Mr. M. L. JOSLYN, and Messrs. BARNES & SMILEY, for the appellants:

There was no evidence of a sale or gift of intoxicating liquor to Sullivan by defendant McGee, and all instructions submitting that question were erroneous.

Where one person "treats" another in a saloon, this will not be a sale or gift by the keeper to the person so "treated." *Siegel* v. *People,* 106 Ill. 89.

There was no evidence that the beer drank was intoxicating. Beer is not necessarily intoxicating. *Hansberg* v. *People,* 120 Ill. 21.

The evidence fails to show the agency of the person who let the deceased have liquor. If he ever was employed, the agency had expired. Story on Agency, sec. 480; *Wider* v. *Branch,* 12 Bradw. 364; *Bank* v. *Barnes,* 65 Ill. 69; *Rawson* v. *Curtiss,* 19 id. 474; *Maxcy* v. *Hackethorn,* 44 id. 437.

This was not a case in which exemplary damages were allowable. *Meidel* v. *Anthis,* 71 Ill. 243; *Kellerman* v. *Arnold,*

id. 634; *Kadgin* v. *Miller*, 13 Bradw. 474; *Holmes* v. *Nooe*, 15 id. 164.

An instruction which is a summary of the principal facts claimed to be proved by the plaintiff, and the conclusions to be drawn from such facts as a matter of law, and which also assumes as facts matters of serious contention, and leaves out of consideration the defense insisted on, is manifestly erroneous. *Town of Evans* v. *Dickey*, 117 Ill. 291; *Railway Co.* v. *Sykes*, 96 id. 162; *Pennsylvania Co.* v. *Stoelke*, 104 id. 201.

As to improper remarks of counsel, see *Hennies* v. *Vogel*, 87 Ill. 244; *Railroad Co.* v. *Bragonier*, 13 Bradw. 469; *City of Elgin* v. *Eaton*, 2 id. 93; *Herkimer* v. *Shea*, 21 id. 87; *Chase* v. *Chicago*, 20 id. 278; *Insurance Co.* v. *Cheever*, 36 Ohio St. 201; *Hoxie* v. *Insurance Co.* 33 Conn. 471; *Wolf* v. *Minnis*, 74 Ala. 386; *Hackett* v. *Smelsley*, 77 Ill. 109.

Mr. C. H. DONNELLY, Mr. JOHN B. LYON, and Mr. O. H. GIL-MORE, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was case, by Hannah Sullivan, the appellee, against appellants, who were the keepers of dram-shops, for selling and giving away intoxicating liquors to Cornelius Sullivan, her husband, which caused his intoxication and death, whereby she was injured in her means of support. The result of a jury trial was verdict and judgment in favor of appellee for $1800 damages, and that judgment was affirmed by the Appellate Court for the Second District. The judgments below have eliminated from the case the claims of appellants that the evidence did not sustain the verdict, and that the damages assessed. were excessive.

Complaint is made of some of the instructions given to the jury at the instance of appellee. It is objected to several of said instructions, that they assume that there was some evidence that intoxicating liquors had been sold or given to the

deceased by the defendants, or one or more of them. It would be strange, indeed, if the jury, the trial court and the Appellate Court had, all three, found that to exist as a fact which there was no evidence even tending to prove. The claim there was no such evidence, is based upon theories too refined for application in the administration of practical and substantial justice. The matter does not seem to require any other or further consideration from us, unless it be to add, that there was, without doubt, great conflict in the testimony; but that only presented questions for the determination of the jury.

Two other criticisms are made upon the first of the instructions. One of these is, that it tells the jury, that if they believe, from the evidence, "that the said defendants, or any or either of them, or the servants, employes or any person acting for said defendants, or either of them, did sell or give," etc. The objection challenges the expression, "or any person acting for said defendants, or any or either of them," on the ground it wholly ignores the question of authority. The word "for" means "in the place of," and from the word, as commonly used, an implication of authority arises, but the implication is not a necessary implication. It must be admitted that the phraseology used is not happily selected; but the instruction must be read in the light of the evidence, and thus read, it can have application only to the sales made by Martin in the saloon of McGee. The proof is clear that Martin was accustomed to go into the saloon of McGee, when the latter was temporarily absent therefrom, and wait on customers,—and this with the knowledge and consent of McGee. From this uniform course of conduct there was an implied authority to Martin, in the absence of directions otherwise, under like circumstances of absence, to make sales of liquors for and as the authorized agent of McGee. Besides this, in numerous other instructions given to the jury, they were explicitly informed, in various forms of expression, that it was a condition precedent to a verdict of guilty against the defendants, or either of

7—136 ILL.

them, that they or he, either in person, or by agent, servant or employe, sold or gave to the deceased intoxicating liquor, which caused, in whole or in part, the intoxication which occasioned his death. It is manifest that the inaccuracy contained in the said first instruction could not and did not mislead the jury, or injuriously affect the rights of appellants, or either of them.

The other objection urged to said instruction is, that it tells the jury that they may, if they find for the plaintiff, and that she was damaged in her means of support, "assess her damages at such sum as they think, from the evidence, she ought to recover, not to exceed $10,000." This was not an explicit statement to the jury that they might, if they saw fit, award exemplary damages, but the language used was broad enough in its terms to include exemplary damages. Where the evidence shows a willful or wanton violation of the law, or reckless and illegal acts and conduct in utter disregard of the rights of others, exemplary damages may be assessed in addition to the actual damages sustained. The section of the statute upon which this action is predicated, expressly authorizes, in cases where actual damages are sustained, the recovery of exemplary damages also, if the circumstances justify such recovery. *Lowry* v. *Coster*, 91 Ill. 182; *Hackett* v. *Smelsley*, 77 id. 109; *Roth* v. *Eppy*, 80 id. 283.

The evidence shows that Cornelius Sullivan was a man who was "in the habit of getting intoxicated," and it justifies the conclusion that such fact was fully known to all the defendants. Any sale or gift of intoxicating liquor to him was therefore unlawful. So, also, there is evidence to the effect that on the night in which he met with the accident by which he was killed, and after he became drunk, the defendants sold him intoxicating liquors in their saloons. The sales, if made, were willful violations of the law which forbids such sales to a person who is intoxicated. It was a question of fact, for the jury to determine, whether or not the defendants had been guilty

of willful, wanton, reckless and unlawful misconduct. We are not prepared to hold, under the circumstances of the case as disclosed by the testimony, that it was error to give to the jury an instruction under which, if they thought it just and proper, they might allow exemplary damages.

In that which we have already said we have anticipated the objection that is made to instruction six for appellee. Suffice it to add, that we do not regard that instruction as erroneous.

The testimony was to the effect, that upon the night in question Sullivan drank both whisky and beer. In instruction eight the jury were told, that in determining whether the beverage called "beer," that certain witnesses had sworn that Sullivan drank in the places of the defendants, was of an intoxicating character or nature, they had a right to take into consideration certain facts and circumstances in relation thereto which had been shown by the evidence, and which were specifically designated in the instruction, and which tended to prove that such beer was an intoxicating liquor. It is claimed that the instruction left entirely out of view certain contradictory evidence, and therefore should not have been given. It is to be noted that the instruction did not summarize certain facts testified to, and inform the jury that from them they could determine whether or not the liquid was an intoxicant. On the contrary, it expressly told them to take into consideration "all the facts and circumstances proven in relation thereto," and after the summary, again directed them to consider "any other facts and circumstances proven by the evidence in relation thereto." It can not justly be said that the testimony not particularly specified was, by the charge of the court, left out of consideration. The instruction was of a kind for which we have no special admiration, but we can not say that it was error to give it. The other criticisms made upon said instruction are of too technical a character to merit discussion.

We must confess our inability to comprehend the point of the objection urged to instruction eleven.

The remaining assignment of error of which we have cognizance is, that the trial court erred in allowing improper remarks by counsel for plaintiff, in the argument of the case, against the objection of the defendants. It appears from the record that in his closing argument to the jury, the attorney for the plaintiff said: "A part of this Dacy mortgage belongs to these Kennedys, where Sullivan had made his headquarters for years;" to which statement the defendants objected, and asked to take an exception, whereupon the attorney for the plaintiff further stated to the jury: "It was not in evidence, and I withdraw the remark, and do not wish you to consider it in making up your verdict." It is admitted that the remark was improperly and inadvertently made. It was promptly withdrawn as soon as challenged, and the jury requested not to take it into consideration. The court gave no instruction and made no ruling in regard to it, nor was it asked so to do. It is difficult to see in what respect the court was at fault, or how or in what way it committed an error in the premises. It might, it is true, have awarded a new trial, but in our opinion it was not its duty, under the circumstances, to set aside the verdict on account of a statement not based on the evidence, which was withdrawn almost as soon as made, and by which the verdict was, in all human probability, wholly uninfluenced. It is very improbable that a jury would, in making up a verdict, under their oaths, give any weight whatever to a mere statement of counsel not based on the evidence, and which the same counsel forthwith admitted to be baseless, and requested them not to consider.

We find no manifest error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*