## Mathew J. Pisa v. Frances Holy.

### Gen. No. 11,114.

1. JOINDER OF COUNTS—*what, proper in case.* In an action on the case it is proper to join counts based upon the statutory liability imposed by the Dram-Shop Act and a common law count charging the defendant with an unlawful conversion of property.

2. EXEMPLARY DAMAGES—*when instruction upon, in action under Dram-Shop Act is improper.* An instruction which permits the jury to award exemplary damages in an action instituted under the Dram-Shop Act, is improper where it does not furnish the jury with any rule or guide for so doing.

Action on the case under Dram-Shop Act. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed April 22, 1904.

**Statement by the Court.** This was an action of trespass on the case by appellee against appellant. The declaration consists of five counts. The first two are based upon section 9 of the Dram-Shop Act (Revised Statutes, ch. 43) and charge in substance that appellee was injured in her property and means of support by reason of the habitual intoxication of Fred Holy, her husband, caused by his being supplied with intoxicating liquors by appellant. The third and fourth counts charge that appellee's husband wrongfully took her money and jewelry and delivered the same to appellant who, knowing it to be her property, converted

Pisa v. Holy.

it to his own use. The fifth count makes the same charge as the third and fourth, but confines it to moneys of appellee.

Upon trial before a jury there was a verdict for $2,300 upon which, after a remittitur of $500, judgment was rendered. This appeal is from the judgment.

M. R. HARRIS and JOHN J. SWENIE, for appellant.

LONGENECKER & LONGENECKER, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

First. It is claimed that the motion in arrest of judgment should have been granted because there is a misjoinder of counts in this, that the last three, being common law causes of action, were improperly joined to the first two, which are statutory. Counsel cite no authorities to support their contention, and we do not deem it well taken. Section 9 aforesaid gives "a right of action" to all who shall be injured in certain modes there pointed out against the persons causing the injury. This right of action, although not so named, is clearly in tort and may be and always is prosecuted in an action of trespass on the case; and we see no objection to joining such a count to one charging the defendant with unlawful conversion of property. In principle they are all counts in trespass on the case. "Where the causes of action are of the same nature and may properly be the subject of counts in the same species of action, they may be joined, otherwise they cannot." 1 Tidd's Practice, 4th Am. Ed., p. 12; Krug v. Ward, 77 Ill. 603.

Second. At the request of appellee the jury were instructed as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff was injured in person or property or means of support by reason of the intoxication of Fred Holy, as charged in plaintiff's declaration, and that such intoxication was caused in whole or in part by the defendant Pisa, then they should find for the plaintiff and assess her damages at whatever amount may have been

shown by the evidence, and if the jury find from the evidence that the plaintiff received actual damages by reason of such intoxication, then they may assess plaintiff's damages at any amount not exceeding ten thousand dollars."

The Dram-Shop Act makes the defendant liable "for all damages sustained, and for exemplary damages;" but in Kadgin v. Miller, 13 Brad. 474, and in Holmes v. Nooe, 15 Brad. 164, the Appellate Court for the Third District held that the exemplary damages contemplated by the statute are only to be given when the act of selling intoxicating liquors is wilful, wanton, or of such a reckless character as to deserve punishment. In Murphy v. Curran, 24 Ill. App. 475, it was held by the Appellate Court for the Second District that to warrant exemplary damages there must be something beyond the mere fact of the sale of intoxicating liquors and resulting damages. Kellerman v. Arnold, 71 Ill. 632, holds that the wife, to entitle herself to exemplary beyond actual damages, must show "some aggravating circumstances accompanying the transaction on the part of the person selling the liquor." Albrecht v. Walker, 73 Ill. 69; Brantigam v. While, 73 Ill. 561; Bates v. Davis, 76 Ill. 222. While the Supreme Court in the matter of instructions on the subject of exemplary damages in this class of cases has not gone as far as Kadgin v. Miller and Holmes v. Nooe, supra, (see Hackett v. Smelsley, 77 Ill. 109; Hanewacker v. Ferman, 152 Ill. 321; Kennedy v. Sullivan, 136 Ill. 94,) still the foregoing instruction is not authorized by any decided case nor the language of the statute. It gives the jury full scope and freedom, if they find actual damages, to "assess plaintiff's damages at any amount not exceeding $10,000," thus permitting an award of exemplary damages without furnishing them with any rule or guide for so doing. In justification of the instruction, appellee relies upon Kennedy v. Sullivan, supra; but the instruction there approved was based upon and referred the jury to the evidence, which the one before us does not. There they were told to "assess her damages at such sum as they think from the evidence she ought to recover." Under the in-

struction at bar the jury, however slight the actual injury, might in substance and effect fine appellant any sum of money not exceeding $10,000 without any reference to or consideration of the proof. This was error. Brink's Chicago City Express Co. v. Herron, 104 Ill. App. 269.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*