Catherine Nagle, Appellee, v. John Keller, Appellant.

Gen. No. 14,057.

1.   DRAM-SHOP ACT—*who may maintain action under section 9.* A pauper sister, who under the Pauper Act has a legal right to the support of her brother, who is her only relative, is entitled to maintain an action under section 9 of the Dram-shop Act for loss of support through the habitual intoxication of such brother caused or contributed to by the defendant.

2.   DRAM-SHOP ACT—*what evidence competent in action under section 9.*   The financial condition of the plaintiff and of the relative who was her means of support at the time of the commission of the wrongful act complained of, is competent to be shown in an action under section 9 of the Dram-shop Act.

3.   DRAM-SHOP ACT—*against whom exemplary damages may be awarded.*   In an action under section 9 of the Dram-shop Act, exemplary damages may be awarded against the landlord who leases premises to the occupant with permission to sell intoxicating liquors thereon.

4.   INSTRUCTIONS—*when cannot be complained of.*   Instructions containing a vice common to instructions asked and given on behalf of the complaining party are not subject to review.

Nagle v. Keller.

Proceeding under section 9 of Dram-shop Act.   Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1907.   Affirmed.   Opinion filed June 2, 1908.

**Statement by the Court.** Catherine Nagle, appellee, commenced this suit in the Circuit Court to recover damages for loss of her means of support, in consequence of the habitual intoxication of her brother, John W. Nagle, caused in whole or in part by intoxicating liquors sold and given to him by Peter T. McCarthy, a dram-shop keeper in Chicago. The action was brought under section 9 of the Dram-Shop Act.

The declaration is in four counts. The first count avers that appellee is the sister of John W. Nagle, deceased; that Peter T. McCarthy and Victor Briard, on January 24, 1903, conducted the business of a dramshop at 254 South Halsted street, Chicago, and that appellant John Keller was the owner of the said building and premises and had knowledge that intoxicating liquors were to be sold therein, and permitted the occupation of said premises by McCarthy and Briard for such purpose; that on the day aforesaid, and divers other days during the period of two years before said day, said McCarthy and Briard sold and gave intoxicating liquors to said John W. Nagle, and thereby caused him to become and be habitually intoxicated, and in consequence thereof during the time last aforesaid, John W. Nagle wasted and squandered his money and property, and became greatly impoverished, reduced, demented in mind and ruined in body and estate, neglecting to attend to his business or calling or in any manner providing employment for himself or support for appellee; and in further consequence of the habitual intoxication of said Nagle so caused, said Nagle died January 24, 1903; by means of which premises appellee was injured in her means of support, etc.

The second, third and fourth counts set out the same cause of action, with unimportant variations of form.

The defendants pleaded not guilty, and Briard filed an additional plea of non-joint liability.

The liability of appellant Keller is predicated wholly upon the leasing of the premises by him to McCarthy, to be occupied by the latter as a dram-shop, and with knowledge that they were to be, and as a matter of fact were, used for keeping therein a saloon or dram-shop.

On the trial the defendants, at the close of the evidence for the plaintiff, each requested the court to instruct the jury to find the defendant not guilty. This motion was sustained as to Briard, and overruled as to appellant. Appellee then obtained leave to amend her declaration, discontinuing as to Briard, and the amendment was then filed. The trial proceeded without objection, and at the close of all the evidence appellant Keller moved the court to instruct the jury to find him not guilty. The motion was overruled. The jury returned a verdict in favor of appellee for $3,000, and after denying motions for a new trial and in arrest of judgment, the court entered judgment on the verdict.

JOHN J. SWENIE, for appellant; M. R. HARRIS, of counsel.

WOODLEY & PENDLETON and M. W. MATTISON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action is brought and prosecuted on the theory that having been supported for many years by her brother, and being legally entitled to his support under the Pauper Act, appellee had a right of action against the defendants under section 9 of the Dram-Shop Act to recover damages for injury to her means of support on two grounds alleged in her declaration; first, for the loss of support from her brother during the two years immediately preceding his death, during which he

failed, to a large extent, to provide for her, in consequence of his habitual intoxication, continued and augmented by liquors sold to him constantly during that time by McCarthy; and second, for the total and permanent loss of his support as a result of his death from excessive intoxication.

Appellant urges as a ground for reversing the judgment that under section 9 of the Dram-Shop Act a sister or brother does not fall within the degree of kinship which will enable him or her to sustain an action for loss of means of support caused by the failure of the person intoxicated, habitual or otherwise, to furnish support.

In support of this contention appellant invokes the well-known canon of construction applicable to statutes, contracts and other instruments, that where an enumeration of specific things is followed by general words or phrases, the latter are held to refer to those things of the same kind as those specified.

It is quite unnecessary, however, for us to consider in detail the argument of counsel in support of the construction contended for by them, for the reason that the Supreme Court has settled the construction of the Dram-Shop Act in King v. Haley, 86 Ill. 106. At page 108 of the report the court say in their opinion:

"A cause of action is given to anyone who may be injured in his person or property, or means of support, by any intoxicated person, jointly or severally, against such person or persons who may have caused the intoxication, in whole or in part, of the person who commits the injury. An action is also given to anyone who may in the same manner be injured 'in consequence' of the intoxication of anyone, whether habitual or otherwise, against the parties who may cause such intoxication. In the one case it is for the direct injury inflicted by 'an intoxicated person,' and in the other it is for such damages as may arise 'in consequence' of such intoxication. This is the plain meaning of this

section of the statute as expressed in unambiguous language.''

The evidence in the record shows that appellee was a poor person, infirm and unable to earn a livelihood. She was supported by her brother John W. Nagle, and was dependent upon him for her support. He was her only near relative of sufficient ability to support her. In our opinion appellee, being a pauper sister, had a legal right under the Pauper Act to the support of her brother, her only relative, as shown by the evidence, of sufficient ability to support her, and hence, under the Dram-Shop Act, she had a right of action for injury to this means of support, and for causing the loss of this support. The legal liability of the brother to afford such support, and the reciprocal legal right in appellee to that support is settled, we think, in People v. Hill, 163 Ill. 186, and in Danley v. Hibbard, 222 *id.* 88. It does not affect this position that suits under the Pauper Act are brought in the name of the People for the use of the pauper. The pauper is the real beneficial plaintiff for whom the action is brought. It is the pauper's claim which is enforced. The method of enforcing it provided by the statute is a mere matter of procedure. The essential thing is that the statute gives the pauper a legal right to support. Danley v. Hibbard, *supra.*

It is urged on behalf of appellant that the liability for support created by the Pauper Act terminates with the life of the person upon whom the burden of support is imposed by the statute, and that the liability does not pass to the deceased person's estate, but passes on to the next relative in order as enumerated in the statute, if there be such relative of sufficient ability, and if not, then to the county.

The evidence in the record shows that after her brother's death, appellee had no other relative who was able to contribute to her support, and that since her brother's death she has been the recipient of charity. If appellant's construction of the statute be cor-

rect, the only person or corporation upon whom the support of appellee falls is the county. We think, however, the purpose of the Pauper Act is to put the burden of supporting paupers upon their relatives, and to prevent, as far as possible, such burden being cast upon the public. It follows, therefore, in line with the statutes above referred to and the public policy expressed therein, that the liquor seller who causes the loss of a pauper's support should be required to respond in damages for such illegal act, in order to prevent as far as possible the burden of that support falling upon the public. Such an interpretation not only enforces the clear public policy expressed in the statutes, but it accords with the principles of justice and equity. Whether the pauper has any interest in or claim against the deceased relative's estate is beside the question. The financial interest of the pauper is that the supporting relative's ability to earn and contribute to his support shall be unimpaired, and that his life shall be prolonged.

The evidence shows that the appellee was an invalid pauper and that she was dependent upon her brother for her support. He had supported her for many years, giving her money from time to time when he was living with her and when he was living elsewhere. No other conclusion can be drawn from the testimony of appellee, Mary Nagle, Higgins and Grace. The testimony of these witnesses as to the facts bearing upon appellee's condition, and her support by her brother, is not contradicted in the record. The evidence shows that the habitual and excessive intoxication of John W. Nagle was caused, in whole or in part, by McCarthy and his employes, and that his ability to support appellee was thereby diminished. It also shows, we think, that the almost constant intoxication produced, in whole or in part, by liquors supplied by McCarthy, reduced Nagle to the most pitiable condition of body and mind, and finally caused his death. The verdict of the jury is, we think, supported by the evidence.

Error is assigned upon the rulings of the court in permitting Mary Nagle, John Grace and Catharine Nagle to testify to the salary received by John W. Nagle while working for Culver, Page & Hoyne for twenty years preceding 1888; and as to property owned and sold by him in 1888 and 1889, and at other dates. We think the financial condition of appellee, of Mary Nagle her sister, and of her brother John W. Nagle, was a material question, and that the court did not err in the rulings complained of. Clears v. Stanley, 34 Ill. App. 338, 342; Flynn v. Fogarty, 106 Ill. 268.

It is argued that a large portion of the damages awarded by the jury are given as exemplary damages by way of punishment, and that whatever may be the case as against McCarthy, there is no proof in the record that appellant had wilfully disregarded the rights of appellee, or wantonly and recklessly violated the law, and therefore exemplary damages against appellant are not warranted by the record.

In Hackett v. Smelsley, 77 Ill. 109, the court construed section 9 of the Dram-Shop Act with reference to the liability of the owner of the saloon premises for exemplary damages, and held that there is no difference in the degree of culpability between the saloon keeper and the owner of the premises, and that they are jointly liable on the same basis. On page 123 of the report the language of the opinion is as follows: "It must be admitted, the meaning of the statute in respect of exemplary damages is not so perspicuously expressed as might have been. But, taking the two clauses together, we cannot think it to be their construction, that it was intended to draw a distinction between the seller, and the owner of the building, and subject them to a different measure of liability—the one for actual damages only, and the other for both actual and exemplary damages."

This construction of the statute is reaffirmed in Triggs v. McIntyre, 215 Ill. 369, 376; and in Wanack v. Michels, 215 id. 87, 94; and in Beckerle v. Brandon, 229

*id*. 323, 325. In Wanack v. Michels, *supra,* the owner is held to be a joint wrongdoer with the occupant who sells the liquor and the owner of the premises who leases them with permission to the occupant to sell intoxicating liquor thereon, and with knowledge that such liquor is sold thereon, must be held, under the circumstances mentioned in the statute, as committing the tortious act with guilty intent.

In actions under this statute, the courts are not dealing with a common law liability, but purely statutory liability expressly and clearly imposed upon the landlord as a part of a general plan for regulating and suppressing "the evils arising from the sale of intoxicating liquors" as the title of the Dram-Shop Act phrases it. Authorities cited by counsel which treat of the common law right to exemplary damages are therefore not in point.

The verdict in this case and the judgment is for $3,000. It does not appear from the record, and the court cannot say with certainty that the jury intended to assess anything more than the actual damages. There are better reasons for considering that the verdict was intended by the jury to express the actual damages sustained by appellee than for holding that it was intended to include exemplary damages. We think the jury were warranted by the evidence in awarding the amount as actual damages. All things considered, the amount is not exorbitant considered as actual damages. But, however, that may be, and assuming that the damages awarded are in part exemplary, the evidence shows that McCarthy and his employes sold intoxicating liquors to Nagle while he was intoxicated, and when they knew he was in the habit of becoming intoxicated, and the jury were warranted by the evidence in so finding. This was a sufficient basis for exemplary damages. Kennedy Bros. v. Sullivan, 136 Ill. 94; Earp v. Lilly, 217 *id*. 582, 586. The evidence likewise shows that appellant was the owner of the saloon property, and that he

leased it to McCarthy, having knowledge that intoxicating liquors were to be sold therein. This knowledge, as we have seen from the authorities cited above, makes appellant liable for damages, both actual and exemplary, for which McCarthy is liable.

What we have said above disposes of the objections made to instruction numbered 3 in the abstract with regard to exemplary damages. Further, appellant cannot complain of this instruction, for in requesting the court to give instructions numbered 6 and 7, which are in substance the same as instruction 3, he induced the trial judge to instruct on that theory of the law, and he will not now be permitted to shift his ground and complain that the jury were erroneously instructed. I. C. R. R. Co. v. Latimer, 128 Ill. 163; N. C. R. R. Co. v. Peuser, 190 *id.* 67.

We perceive no merit in the objections urged to instruction numbered 2, as to the character of proof against McCarthy and appellant respectively.

The court did not err, in our opinion, in refusing to give instruction numbered 17, requested by appellant at the close of the plaintiff's testimony, directing the jury to find for the defendant Keller, for the reasons given above, when discussing the evidence.

The court did not err in refusing instruction numbered 23, for the reason that it is substantially covered by other instructions given at the request of appellant, except the first clause of the first sentence of the instruction to the effect that "this action is based wholly upon the statute, and the statute being highly penal in its nature, must be strictly construed." This statement is a mere abstract proposition of law, and it has been often held that the refusal of the court to give such instructions is not error.

We find no substantial error in the record, and the judgment is affirmed.

*Affirmed.*